**John Henry GALLUP and William Ernest Baker, Appellants,**

v.

**STATE of Missouri, Respondents.**

**No. KCD 28458.**

Missouri Court of Appeals, Kansas City District.

Oct. 12, 1976.

William G. Mays, II, Public Defender, 13th Judicial Circuit, Columbia, for appellants.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondents.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SHANGLER, Presiding Judge.

This appeal comes from adverse judgments under Rule 27.26 proceedings. The defendants were charged by single information with kidnapping and rape in violation of §§ 559.240 and 559.260, RSMo 1969. They were convicted on each count and sentenced to consecutive sentences. Their direct appeal was denied and the post conviction motion ensued.

At the time they were sentenced the operation of § 546.480, RSMo 1969, mandated that when any person was convicted of more than one offense before sentence shall have been pronounced upon him for either offense, the second sentence must commence at the termination of the first. That is to say, the sentences must run consecutively. This statute was thereafter held to deny such a defendant the equal protection of the laws and was for that reason declared unconstitutional by the Missouri Supreme Court in *State v. Baker*, 524 S.W.2d 122, 126[5, 6] (banc 1975). The court remanded the causes for resentencing and the exercise of discretion by the trial judge as to whether the sentences on the counts were to be concurrent or consecutive.

Although the sentences were imposed upon each defendant without specific reference to § 546.480, we must assume that the trial judge acted on the requirements of the law for consecutive sentences in such circumstances.

The point made by the movants as the Rule 27.26 proceeding, and now on appeal, is that the ruling in *Baker* must be given retrospective application to their convictions, so that the sentences imposed upon them under § 546.480 then extant are invalid, are subject to vacation and remand for concurrent or consecutive determination, according to an exercised judicial discretion.

Since the *Baker* decision, our appellate courts have uniformly treated as invalid consecutive sentences imposed under the mandatory operation of § 546.480, without regard to whether conviction was returned before or after the rendition of *Baker*. *State v. Brown*, 525 S.W.2d 565, 568[6] (Mo. App.1975); *State v. Burnside*, 527 S.W.2d 22, 25[6] (Mo.App.1975); *State v. Mullen*, 532 S.W.2d 794, 800[11] (Mo.App.1976); *State v. McCollum*, 527 S.W.2d 710, 714[4, 5] (Mo.App.1975); *State v. Jordan*, 532 S.W.2d 776, 782[6] (Mo.App.1976). The rationale for this procedure no doubt rests on those principles which give retrospective application to new constitutional standards when fundamental rights are affected and the administration of justice is not unduly bur-

dened thereby. *Stovall v. Denno*, 388 U.S. 293, 297, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967); *Linkletter v. Walker*, 381 U.S. 618, 628, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965); *Spidle v. State*, 446 S.W.2d 793, 795 (Mo. 1969).

The judgments are reversed and the causes remanded for redetermination of sentences by the trial court and the exercise of judicial discretion whether they shall run concurrently or consecutively.

All concur.