STATE of Missouri, Plaintiff-Respondent,

v.

Merdise PITTMAN, Defendant-Appellant.

No. 37006.

Missouri Court of Appeals,
St. Louis District,
Division Four.

March 22, 1977.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., Nels C. Moss, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

Daniel P. Reardon, St. Louis, for defendant-appellant.

SMITH, Presiding Judge.

Defendant appeals from his conviction by a jury of two counts of armed robbery and the resulting sentences of fifteen years on each count, to be served consecutively. Defendant raises as error the failure of the trial court to declare a mistrial as a result of the alleged cumulative prejudicial effect of the prosecutor's argument, and the consecutive sentences imposed. No attack is made on the sufficiency of the evidence.

The evidence indicated that Defendant and another man, Clarence Millett, robbed at gunpoint the owner of a used car lot and a business guest of the owner. Defendant was identified as one of the participants by the guest and a third man, an employee of the owner. Defendant's defense was alibi.

It is defendant's contention that the prosecutor made five unwarranted statements during the final part of his closing argument and that cumulatively these required a mistrial. Objection was made and sustained to each of the statements and the jury was admonished in each instance. No request for mistrial was made until the end of the argument. The state contends that the failure to request a mistrial immediately after each instance constitutes a failure to preserve the matter for appellate review. We disagree. Defendant makes no claim that any one of the instances was sufficiently grievous to warrant mistrial, but that the cumulative effect did warrant such relief. In that situation we cannot conclude that the failure to request relief, that one does not believe he is entitled to at the time, can constitute a waiver. Nor is defendant's counsel in a position to know what the last instance will be. Here the request for mistrial was made immediately upon the completion of the argument upon the ground of cumulative effect. This case therefore differs from those where either the delayed mistrial request was based upon one improper argument or the request was made following some lapse of time after the argument was concluded. *Carver v. Missouri-Kansas-Texas R. Co.,* 362 Mo. 897, 245 S.W.2d 96 (1952); *Counts v. Thompson,* 359 Mo. 485, 222 S.W.2d 487 (1949); *Shields v. American Car & Foundry Co.,* 293 S.W. 77 (Mo.App.1927). We find the matter was properly preserved.

While we are loathe to set out long extracts of the transcript in an opinion we find it necessary here for an understanding of defendant's contentions. Those portions of the prosecutor's argument complained of were as follows (numbering identifies the five different comments objected to):

"Now another thing he says is that this guy is getting set up ___ telling you how the Police are doing it. Not only do they lie about the gun but they stick him in a line-up and say 'okay' and once the guy has picked the two people out of this line-up, they put the same two people with three different people and there's no problem picking out those two. Okay. There's one problem with that. If you look and you have got to look and be observant. You notice this gentleman standing here? Okay, the one with the hat, standing next___this is Clarence Millett. Guess who that is? [1] Take a close look. That's Ricky Millett. Take a look in this line-up picture. There's Mr. Pittman, there's Mr. Millett and look whose standing next to him___Ricky Millett. Okay. This man here___

MR. REARDON: Judge, I object to that. That isn't in the evidence.

THE COURT: I'll sustain the objection. There is no evidence as to identification of those persons.

MR. REARDON: I ask that the jury be instructed to disregard the last remark of counsel.

THE COURT: There is no evidence of the identification as to anybody on those pictures except this defendant and Millett. The jury will disregard the last argument of counsel.

MR. MOSS: [2] You heard the evidence, this part of the evidence. You can look at the third man in each of these pictures___Mr. Pittman, Mr. Clarence Millett___

MR. REARDON: I object to the next thing he is going to say.

THE COURT: I'll sustain the objection as to identification of anybody on those photographs other than this defendant and the Millett that has been pointed out. No reference is to be made by anybody because there is nothing in evidence regarding that. Proceed.

MR. MOSS: You have the photographs. Look at them and make your own decision on it and you'll see what I'm telling you. Okay. Now, in regard to the argument about clever robbers___these people are clever robbers and clever robbers, Number one, don't rob their friends, former acquaintances and clever robbers once they realize they are robbing their friends are they going to say 'the jig's up' and everybody is going to go and hide___that's one way. The other way is if this robber who recognized Hogan, if he really recognized him, what would you do if you were a smart robber? Would you lead him around and give the police your name? [3] You would 'x' (or 'ax') him right there and he wouldn't be a witness; would he?

MR. REARDON: I object to this as being improper___

THE COURT: I'll sustain the objection to that line of argument.

MR. REARDON: I ask that the jury be instructed to disregard the last remark of counsel.

THE COURT: Members of the jury, you will disregard the last remark of counsel.

MR. MOSS: ......... You know___sure your burden would be easier if you had money___sure, it would be easier if he said, 'Yeah, I did it.' But he didn't and that's why we are trying the case. He's not going to tell you he did it because he's got a lot to lose. Number 1, he is going to catch some time on this case if convicted and [4] Number 2, he's already got some time on another case that he is going to have to serve___

MR. REARDON: I object to that___

THE COURT: I'll sustain that objection. There is nothing in the evidence in regard to that. Let's proceed.

MR. REARDON: I ask that the jury be instructed to disregard the last remark of counsel.

THE COURT: Members of the jury: you will disregard that last remark of counsel and not consider that in your deliberations.

MR. MOSS: ...... Now under all the evidence here you have had two people come in and positively identify this man and within three hours had him connected up by being at the other man's house who is named___within hours after the robbery you have him identified, as I said, within hours after the robbery and [5] have him with the gun that's similar___

MR. REARDON: He wasn't with the gun___I object to this. He was not with the gun.

THE COURT: I'll sustain the objection.

MR. REARDON: I ask that the jury be instructed to disregard the last remark of counsel.

THE COURT: I'll sustain the objection and members of the jury you will disregard the last argument of counsel. The gun was found at the premises. Let's proceed, sustained.

MR. MOSS: Officer Franklin testified he walked into the bedroom and he was there sitting on a couch within arm's reach of that gun. That's what he testified to."

■ The first two objected to statements were made in response to defendant's attorney's prior argument that the only two people who appeared in common in both a photograph shown to the witnesses before the lineup and in the lineup were Clarence Millett and defendant. The prosecutor was arguing that additionally Ricky Millett, who was arrested with defendant, also appeared in both. But no testimony had identified anyone in the two pictures except Clarence Millett and defendant. While the statement identifying Ricky Millett was beyond the evidence and objection thereto was properly sustained we are unable to see its prejudicial effect upon defendant. Defendant opines that it suggested to the jury that there may be some criminal action involving Ricky Millett in which defendant might be implicated. We do not consider this particularly evident from the argument. Additionally the jury was already aware from the testimony that Ricky Millett and defendant were arrested together. Defendant's second objected to statement was not completed and we cannot presume what the remainder would have been, or more important, what the jury thought the remainder might be.

■ The third statement was again in response to defendant's counsel's argument. Hogan, the employee at the used car lot, stated he recognized one of the robbers, Clarence Millett, because he had gone to school with him. Defendant's counsel argued that if that were true then Millett would have recognized Hogan, told defendant and defendant would not have gone to Millett's home after the robbery. The prosecutor's argument, to refute that Millett recognized Hogan, was that a smart robber in that situation might have killed the witness. While we cannot condone the argument we believe it was hypothetical and to the degree it was specific was directed to Millett, not defendant.

■ The fourth comment was clearly objectionable, but again we do not find substantial prejudice. The jury was aware from defendant's testimony and from his counsel's argument that defendant was on parole. We cannot conclude the remark told the jury anything it did not already know.

■ The last comment was only marginally objectionable and the court's statement removed any prejudice that might exist. It was inaccurate in the sense that when defendant was apprehended, a gun similar to the one used in the robbery was within a few feet of him on a table in Millett's home. It was not actually in his possession.

■ It is to be noted that in each case the court took action to admonish the jury. The court further expressed its belief, upon the motion for mistrial, that the admonishment was sufficient and that mistrial was not required. We defer to this exercise of discretion unless clearly abused. We cannot find, either singly or cumulatively, sufficient prejudice in the prosecutor's argument to require the drastic step of a mistrial.

■ Defendant was sentenced prior to the decision in *State v. Baker,* 524 S.W.2d 122 (Mo.banc 1975), holding unconstitutional Missouri's mandatory consecutive sentencing law, Sec. 546.480 RSMo.1969. The record fails to establish the basis upon which the court imposed the consecutive sentences. We must therefore presume it was done in accordance with that statute rather than on discretionary grounds. *Gallup v. State,* 542 S.W.2d 616, 617 (Mo.App. 1976); *State v. Harris,* 541 S.W.2d 686, 687[4] (Mo.App.1976). We therefore remand for resentencing.

Judgment affirmed, cause remanded for resentencing.

ALDEN A. STOCKARD and NORWIN D. HOUSER, Special Judges, concur.