STATE of Missouri,
Plaintiff-Respondent,

v.

Michael Dennis VINEYARD,
Defendant-Appellant.

No. 38731.

Missouri Court of Appeals,
St. Louis District,
Division Three.

Dec. 5, 1978.

William J. Shaw, Public Defender, Daniel L. McCleave, Asst. Public Defender, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Presiding Judge.

Defendant was convicted by a jury for the unlawful possession of a controlled substance, Schedule III, Phencyclidine. He was sentenced by the court to four years in the penitentiary under the Second Offender Act. On appeal, defendant's sole point is that the trial court erred in refusing to grant a mistrial because of alleged improper remarks of the prosecuting attorney during the rebuttal portion of closing argument.

At trial, defendant testified as to his past criminal record which included: burglary, stealing and assault; stealing under $50.00; and distribution of heroin. On cross-examination the state questioned defendant extensively about the sentences he received; there was also a lengthy recitation about the defendant presently being on parole from the heroin charge. Earlier in the trial, defendant challenged the credibility of the arresting officers.

The transcript does not include the defendant's closing argument. In the rebuttal portion of the state's closing argument, the prosecuting attorney, in referring to defendant's effort to impeach the officers, made the following statement:

> Those officers, if they wanted to come in here and lie, they could have made up a good story. Why did they put Phencyclidine? Why not a more common drug? Why not break open the window and say he is a burglar? That would be consistent if they knew anything at all about it. Why not Heroin? That's what he is on parole for.

Defendant's attorney objected to the reference to defendant's parole on the heroin charge. The court sustained the objection but denied defendant's request for a mistrial. The court then admonished the jury to disregard the statement as to the heroin and reiterated that the prior convictions were admitted only for the purpose referred to in the instructions.[1]

The granting of a mistrial is an "extraordinary" remedy that should be given only when the prejudicial effect of an error can be removed in no other way. *State v. Phelps*, 478 S.W.2d 304, 308 (Mo. 1972); *State v. Harris*, 535 S.W.2d 145, 150 (Mo.App.1976). Whether an error in argument "was so serious as to result in prejudice not remediable by anything short of a mistrial rests basically in the sound discretion of the trial court, who was physically present and who could better evaluate the trial flavor." *State v. Jasper*, 521 S.W.2d 182, 185 (Mo.App.1975).

The facts in this case simply do not warrant awarding such a drastic remedy. Here the prosecutor's remark in closing did not inform the jury of unknown information, because the defendant's own testimony had revealed his parole status. See *State v. Pittman*, 549 S.W.2d 591, 595 (Mo. App.1977). Nor is this a case of repeated improprieties which cumulate to create a prejudicial effect. *State v. Tiedt*, 357 Mo. 115, 206 S.W.2d 524, 528 (banc 1947). Furthermore, short of granting a mistrial, the

---

1. The court gave MAI–CR 3.58 which instructs the jury that it is not to consider the evidence of defendant's prior convictions as evidence of defendant's guilt but should consider it only as to his credibility.

trial court took all affirmative steps possible to purge the improper argument from the juror's minds. Finally we note that the prosecutor's remarks were directed to the credibility of the police officers, not the likelihood of defendant's guilt.

Having reviewed the nature of the incident involved here, we find no abuse of discretion in the trial court's refusal to grant a mistrial.

Affirmed.

CLEMENS and GUNN, JJ., concur.