Merdise Lee **PITTMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 40288.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 13, 1979.

Richard A. Fredman, St. Louis, for appellant.

Paul Robert Otto, Weldon W. Perry, Jr., Asst. Attys. Gen., Jefferson City, Maureen A. Dickmann, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Presiding Judge.

Movant appeals the circuit court's denial of his Rule 27.26 motion without an eviden-

tiary hearing. Movant was originally convicted by a jury for two counts of armed robbery and sentenced to fifteen years on each count, the sentences to run consecutively. Movant's conviction was affirmed on appeal but this court remanded for resentencing. See *State v. Pittman*, 549 S.W.2d 591 (Mo.App.1977). The circuit court, acting in compliance with the mandate of this court, resentenced movant to fifteen years on each count, the sentences to run concurrently.

In this proceeding on the Rule 27.26 motion, the circuit court summarily denied movant his prayer for relief. Movant appeals alleging that, contrary to the finding of the circuit court, his motion stated sufficient facts entitling him to an evidentiary hearing. We affirm.

Movant claims that he is entitled to relief because of ineffective assistance of counsel. Counsel's inadequacies are alleged to be:

"1.) made no request for discovery from the state;

2.) had, on the day trial began, made no request for an information from the state;

3.) did not seek, prior to its being offered in evidence, to examine any physical or other evidence in the possession or control of the state; . . .

6.) filed no written motion to suppress evidence seized during search and seizure in the [sic] which there was no probable cause to arrest movant on January 10, 1974; . . ."

Movant underwent two trials. The first resulted in a hung jury.

From the transcript and the brief we find that a gun was offered in evidence at the second trial which had not been offered at the first trial. This evidence is the center of movant's motion.

In order to justify an evidentiary hearing, a motion must allege facts, not conclusions, that if true, would entitle him to relief. *Tollison v. State*, 556 S.W.2d 455[1] (Mo.App.1977). Movant admits on appeal that his motion is largely conclusory, but claims that it is supported by sufficient factual allegations.

Movant's allegations do not state specific facts as to what discovery would have revealed had counsel called for it. Nowhere in his motion does movant state how such investigatory request for discovery or motion to suppress would have inured to his benefit. As stated in *White v. State*, 558 S.W.2d 372 (Mo.App.1977):

> An allegation of failure to investigate is insufficient in the absence of factual allegations of what possible defenses might have been discovered through further investigation or how such investigation might have been of benefit to defendant. 558 S.W.2d 372 at 374.

Thus, movant's allegations were insufficient to entitle him to an evidentiary hearing.

Judgment affirmed.

GUNN and CRIST, JJ., concur.