**Horace W. BONNER, Jr.,
Plaintiff-Appellant,**

v.

**STATE of Missouri,
Defendant-Respondent.**

**Charles A. BONNER, Plaintiff-Appellant,**

v.

**STATE of Missouri,
Defendant-Respondent.**

**Nos. 40209, 40210.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 13, 1980.

Motion for Rehearing or/for Transfer
Denied March 14, 1980.

Application to Transfer Denied April
8, 1980.

Julian D. Cosentino, St. Louis, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Steven D. Steinhilber, Asst. Atty. Gen., Jefferson City, for defendant-respondent.

PER CURIAM.

Movants Horace W. Bonner, Jr. and Charles A. Bonner appeal from orders denying their motions filed pursuant to Rule 27.26 to vacate sentences entered on pleas of guilty to two counts of murder in the second degree, one count of assault with intent to kill with malice aforethought and one count of forcible rape arising from an incident in which movants beat to death two boys, ages four and six, and raped and shot the mother of one of the boys. They were sentenced to terms of thirty-five years on each count of murder and thirty-five years for assault, those sentences to be served concurrently. They were also sentenced to a term of five years for rape, to be served consecutively to the other terms of thirty-five years.[1]

These are movants' second post-conviction motions. Their first motions were denied after evidentiary hearings and affirmed on appeal. *Bonner (Horace W. Jr.) v. State*, 535 S.W.2d 289 (Mo.App.1976); *Bonner (Charles A.) v. State*, 535 S.W.2d 297 (Mo.App.1976).

Movants then filed petitions seeking writs of habeas corpus in the United States District Court, Eastern District of Missouri. These petitions were dismissed, and the dismissals affirmed on appeal. See, *Bonner v. Wyrick*, 563 F.2d 1293 (8th Cir. 1977), cert. denied, 439 U.S. 913, 99 S.Ct. 286, 58 L.Ed.2d 260 (1978).

Initially, two questions must be considered. The first question is whether the trial court properly entertained the second post-conviction motions of movants within the provisions of Rule 27.26(d). If the ground presented in the second motions is new but could have been raised in the prior motions, the trial court need not consider it.

■ Movants' basic contention in these second motions is that their guilty pleas were coerced by the threat of consecutive sentences on all four counts of their indictments by the operation of Rule 24.04 (amended effective July 1, 1971) and Sec. 546.480, RSMo.1969, (in effect at that time) if they elected to exercise their right to a jury trial.[2] This contention stems from an opinion of our Supreme Court as expressed in *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975) (decided June 9, 1975) which declared Sec. 546.480 unconstitutional, but upheld the validity of Rule 24.04. Movants' prior motions were filed on October 25, 1973. Thus, the ground alleged in movants' present post-conviction motions was not available when their prior motions were filed, did not become available until after the motions were denied, and the sentencing court properly entertained these second post-conviction motions. See, *Meeks v. State*, 512 S.W.2d 215, 216[1] (Mo.App.1974).

■ The second question is whether or not the motions, files and records pertaining to this appeal conclusively show that movants were entitled to an evidentiary hearing. Movants are entitled to an evidentiary hearing only if issues of fact raised in the motions and the allegations thereof directly contradict the verity of the court records. Rule 27.26(e).

1. The separate appeals of these movants were consolidated on appeal.

2. Rule 24.04 provided: "All offenses which are based on the same act or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts, or in the same count when authorized by statute. Any indictment or information may contain counts for the different degrees of the same offense or for any one of such degrees."

Section 546.480 provided: "When any person shall be convicted of two or more offenses, before sentence shall have been pronounced upon him for either offense, the imprisonment to which he shall be sentenced upon the second or other subsequent conviction shall commence at the termination of the term of imprisonment to which he shall be adjudged upon prior conviction."

All further statutory references are to RSMo. 1969.

■ Movants' second post-conviction motions do not contradict the verity of the court records. Indeed, movants refer to the transcripts of the evidentiary hearing on their first post-conviction motions to support their present contention that they were coerced to enter pleas of guilty. Movants' pleadings in the present post-conviction motions do not show or suggest additional facts that now exist and that were not available at the hearing on the initial post-conviction motions which bear on the question of their states of mind. The thrust of movants' second motions is that the existence of Sec. 546.480, as interpreted by *State v. McClanahan*, 418 S.W.2d 71 (Mo.1967), automatically subjected them to the imposition of consecutive sentences, *as a matter of law*, if they exercised their right to a jury trial. Where the post-conviction motions involve only a question of law, as they do here, the trial court's denial of them without an evidentiary hearing is proper. *Meeks v. State, supra.*

■ Next, we shall consider the question of law presented by movants' second post-conviction motions. Movants contend that Sec. 546.480 automatically subjected them to arbitrarily imposed consecutive sentences upon a jury conviction under a multiple count indictment. Movants' motions alleged and their argument on appeal reiterates that their right to a jury trial was chilled by the trial court's statement that he would impose consecutive sentences after a trial by a jury and would impose concurrent sentences if they entered guilty pleas. Movants argue that they were forced to plead guilty to avoid the arbitrary effect of the statute. In a pro se brief filed to supplement the brief submitted by their counsel, movants make the same argument in a slightly different way. They contend that they were forced to plead guilty to avoid the possibility of lengthy, consecutive terms of imprisonment because lengthy, consecutive sentences would have been imposed arbitrarily under Sec. 546.480.

Movants rely on *State v. Baker, supra*, to support the premise that Sec. 546.480 mandated an arbitrary method of sentencing. While there is no language in the *Baker* decision which authorizes its retroactive application, several cases in which consecutive sentences were imposed prior to *Baker* have been remanded for resentencing. In those cases, remand for sentencing was ordered because the record revealed that the sentences were imposed under the mandate of the statute or the record was barren of any indication of the trial judge's exercise of discretion in imposing consecutive sentences.[3] However, the present case is similar to *Cole v. State*, 553 S.W.2d 877, 882[1] (Mo.App.1977) in which the record revealed an independent ground other than Sec. 546.480 for imposition of consecutive sentences. In that situation, it was not necessary to remand for resentencing because the existence of an independent ground indicated that consecutive sentences were imposed as a result of the exercise of judicial discretion, rather than the mandate of the statute.

As we have noted earlier, the record includes the transcript of the testimony taken on the initial post-conviction motions at an evidentiary hearing. The trial judge who accepted movants' guilty pleas indicated his belief that he had the option of consecutive or concurrent sentences. He testified that, due to the seriousness of the charges against movants, he would sentence them to consecutive terms if they were found guilty by a jury.[4] His testimony refutes movants'

---

3. *Baker v. State*, 584 S.W.2d 65 (Mo. banc 1979); *Chambers v. State*, 554 S.W.2d 112 (Mo. App.1977); *Gallop v. State*, 542 S.W.2d 616 (Mo.App.1976); *State v. Jones*, 545 S.W.2d 659 (Mo.App.1976).

4. "Q. And did you indicate to the attorneys when you would not accept that recommendation what sentence you would expect to give these three gentlemen in the event that the State was able to prove its case and in the event it fell upon you—the duty fell upon you to assess their punishment?
A. I don't know—the question is whether the duty would fall on me to assess the punishment? I don't recall specifically whether these men were charged under the Habitual Criminal Act, Mr. Moss. In the event—stating in the event the jury found them guilty of the charges for which they were on trial and

contention that they were coerced or threatened or that they feared imposition of consecutive sentences from the arbitrary operation of Sec. 546.480. The record clearly indicates the trial court would have imposed consecutive sentences regardless of the statute, if the jury had found defendants guilty under the multiple count indictments.

To answer movants' pro se claim that they pleaded guilty to avoid lengthy, consecutive sentences the court notes that the same contention was rejected in *Barber v. State*, 564 S.W.2d 914, 916[3] (Mo.App.1978). The rationale of that decision, which we adopt here, is that a guilty plea entered to escape the possibility of greater punishment does not render the pleas involuntary or coerced. See, also, *Freeman v. State*, 575 S.W.2d 800, 801[4] (Mo.App.1978). The decision to plead guilty rather than risk possible greater punishment on a conviction after trial is a choice facing movants, but the necessity of making a choice does not constitute coercion. *Jefferson v. State*, 442 S.W.2d 6, 10 (Mo.1969).

The trial court acted properly in denying movants' post-conviction motions.

Judgment is affirmed.

because of what I considered the seriousness of the charges, I would feel inclined to run the sentences all consecutively.
Q. And those would be sentences of life imprisonment, at least on the first two counts, correct?
A. Whatever the jury assessed I would run consecutively.
Q. And you indicated this to their attorneys?

A. I made it perfectly plain to them.
Q. And after that was indicated, was there a final recommendation that you were, as a member—or as a judge, willing or able to accept on a plea?
A. I was requested to consider whether or not, if a plea was entered, whether or not I would consider three concurrent thirty-five year sentences and a consecutive five year sentence, and I said I would accept that."