Edgar Vernell FUTRELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 64385.

Supreme Court of Missouri,
En Banc.

March 20, 1984.

L. Steven Goldblatt, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Rosalynn Van Heest, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Chief Justice.

Appeal from dismissal of second Rule 27.26 motion without an evidentiary hearing. Movant's challenge to the validity of § 556.280, RSMo 1969, brings the cause within this Court's exclusive appellate jurisdiction. Mo. Const., Art. V, § 3.

In February, 1977, movant Edgar Futrell was convicted of robbery first degree, two counts, and sentenced under the second offender statute to concurrent terms of 45 years on each count. His conviction was affirmed by the Missouri Court of Appeals in *State v. Futrell,* 565 S.W.2d 465 (Mo. App.1978).

On September 26, 1979, movant filed a motion [first motion] under Rule 27.26 to set aside judgment and sentence, citing exclusion of women from his jury, bias of the trial judge, failure of the trial judge to give an alibi instruction and ineffective assistance of counsel. After appointment of counsel and an evidentiary hearing, the mo-

tion was denied on April 10, 1980 and no appeal was taken.

Following an unsuccessful petition for habeas corpus in federal court, movant, again represented by counsel, returned to state court on May 26, 1982 with a second 27.26 motion [second motion] and the following claims:

Movant was sentenced under the Persistent Offenders Statute, Section 556.-280, RSMo 1969 [1] which is unconstitutional for the following reasons:

a) Section 556.280, RSMo.1969 as applied to Mr. Futrell, violates the Fifth Amendment to the United States Constitution.

b) Section 556.280 RSMo.1969 on its face and as applied to Mr. Futrell violates the Sixth Amendment to the United States Constitution.

c) Section 556.280 RSMo.1969 on its face and as applied to Mr. Futrell, violates the Eighth Amendment to the United States Constitution.

d) Section 556.280 RSMo.1969 on its face and as applied to Mr. Futrell, violates the Fourteenth Amendment to the United States Constitution.

e) Police investigative techniques employed against Mr. Futrell were suggestive, unreliable and violative of due process.

After hearing arguments, the trial court issued extensive findings and dismissed the motion without an evidentiary hearing. In its order of dismissal, the court concluded:

... each and every issue in movant's second motion could have been brought in the first motion, and, separately, that movant did not allege sufficient facts to show that the complained-of statute was unconstitutional as applied to him or that the statute was unconstitutional on its face, and further movant has not shown sufficient facts to identify which police procedures were invalid or wherein that movant's rights were violated.

■ Movant appeals, contending invalidity of § 556.280 could not have been raised in his earlier motion and dismissal without an evidentiary hearing denied him discovery of facts essential to make a prima facie case of discriminatory sentencing. Our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous Rule 27.26(j). We affirm.

Rule 27.26(c) requires that a motion filed under the Rule include every ground known to the movant for vacating, setting aside or correcting his conviction and sentence and requires each movant to verify that he has recited all claims known to him. Paragraph (d) prohibits the sentencing court from entertaining a second motion for relief when the ground presented is new but could have been raised in the prior motion and places the burden on movant to establish that any new ground raised in the second motion could not have been raised

1. Section 556.280, RSMo 1969 provides as follows:

If any person has been previously convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is hereafter charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows:

(1) If the subsequent offense be such that upon a first conviction, the offender could be punished by imprisonment in the penitentiary, then the person shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted.

(2) Evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole or probation shall be heard and determined by the trial judge, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon. If the finding is against the prior conviction, sentence and subsequent imprisonment or fine, parole or probation, then the jury shall determine guilt and punishment as in other cases.

(3) If the prior conviction is appealed then this section does not apply until after the judgment is affirmed or the appeal is dismissed; except, that a subsequent offense committed after a conviction in the trial court but prior to affirmance of the conviction or dismissal of the appeal shall, after the affirmance or dismissal, be pleadable and provable as a prior conviction under the provisions of this section.

in the prior motion. To sustain this burden, movant contends there are new constitutional principles that could not have been known to him at the time of his first motion and cites *Vaughan v. State*, 614 S.W.2d 718 (Mo.App.1981), and *Bonner v. State*, 595 S.W.2d 393 (Mo.App.1980), as authorizing our consideration of new arguments based on these principles.

*Vaughan v. State*, 614 S.W.2d 718 (Mo. App.1981), is an appeal from denial of a second 27.26 motion in which the Court of Appeals opined, "If there are new facts *or new constitutional principles* which could not have been known to the petitioner at the time of the first motion, the court will not foreclose a second motion based on these new grounds." *Id.* at 720. (Emphasis added.) That portion of the court's statement regarding new constitutional principles was dictum, however, as consideration of movant's second motion was premised on the existence of *facts* unknown to petitioner at the time of his first motion. In *Bonner v. State*, 595 S.W.2d 393 (Mo. App.1980), the Court of Appeals entertained a second motion on the basis of an intervening ruling in *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975), that the consecutive sentencing statute which allegedly induced movants' guilty pleas was unconstitutional. "Thus," it was concluded, "the ground alleged in movants' present post-conviction motions was not available when their prior motions were filed, did not be-

come available until after the motions were denied, and the sentencing court properly entertained these second post-conviction motions." 595 S.W.2d at 394. *Bonner*, however, is distinguishable from this case in two important respects: the newly available constitutional principle raised in *Bonner* was binding on the court considering movants' motions, and the new ground arose from an express and retroactive overruling of the law in effect when movants' first motions were filed: *State v. Baker*, 524 S.W.2d 122, 131 (Mo. banc 1975), (overruling *King v. Swenson*, 423 S.W.2d 699, 706 (Mo. banc 1968)). Such is not the case here.

■ In this case, movant claims § 556.-280, RSMo 1969, deprived him of due process rights to be heard and have adequate findings made on the matter of sentence enhancement.[2] To justify earlier failure to object on this ground, movant asserts the supporting constitutional argument was not apparent until the Eighth Circuit Court of Appeals announced its decision in *Britton v. Rogers*, 631 F.2d 572 (8th Cir., 1980), six months after denial of his first motion. *Britton v. Rogers*, movant apparently argues, was the first case in which a federal court used the *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), balancing test to assess the adequacy of criminal sentencing procedures.[3] Even if

---

2. Allegedly inadequate trial proceedings included the following: before the state rested its case, a hearing was held outside the presence and hearing of the jury to determine applicability of the Second Offender Act. Evidence of movant's prior conviction of stealing $50.00 or more and his subsequent sentence, imprisonment and parole was introduced. After the state's witness was cross-examined by defense counsel the court entered a memorandum finding beyond a reasonable doubt that movant was previously convicted of a felony, was duly sentenced and imprisoned therefore, and, upon compliance with the sentence, was paroled. After ruling that defendant would be sentenced by the court if found guilty by the jury, the court inquired, "Anything further, gentlemen?," to which state and defense counsel each replied, "No, sir." At no time during movant's trial or sentencing does it appear that he asked to be heard further or for more detailed findings.

3. Movant states that *Britton v. Rogers*, 631 F.2d 572 (8th Cir.1980) "is the first case to announce that the due process clause applies to sentencing in non-capital cases." This is not so. In two cases cited by movant, *Oyler v. Boles*, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962), and *Specht v. Patterson*, 386 U.S. 605, 87 S.Ct. 1209, 18 L.Ed.2d 326 (1967), the United States Supreme Court measured non-capital state enhancement statutes against the due process clause of the Fourteenth Amendment. Movant apparently believes the analysis employed in *Rogers* might assist him; its result certainly does not. After considering the facts articulated in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) the *Rogers* panel concluded:

Overall, we do not find the balancing of relevant factors favors Rogers. We certainly could not agree that Rogers' private interest substantially outweighs the governmental in-

this is so, we are not persuaded that the principles announced in *Rogers* are new, are of sufficient magnitude to entitle him to a successive Rule 27.26 motion, or were unavailable at the time of his first motion.

*Britton v. Rogers,* 631 F.2d 572 (8th Cir. 1980), involved a claim that Arkansas' standardless non-capital sentencing scheme violated petitioner's right to due process of law. In addressing this issue, the federal Court of Appeals first turned to *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), an action challenging the constitutional validity of certain administrative procedures established by the Secretary of Health, Education and Welfare, for a useful specification of factors to be considered in any case raising procedural due process questions:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that additional or substitute procedural requirements will entail.

*Britton v. Rogers,* 631 F.2d at 579–80 (quoting *Mathews v. Eldridge,* 424 U.S. at 335, 96 S.Ct. at 903).

Noting that *Eldridge* was developed for the administrative context and "has not yet been expressly employed by a federal court to test the procedures used at criminal trial," the *Rogers* court added:

> In extending *Eldridge* to the criminal context, however, we wish to preserve the deference which federal courts have customarily displayed when called upon to review state rules of criminal procedure.... Accordingly, we are unwilling to find a procedural due process violation under *Eldridge* unless the private interest in obtaining a particular procedure

> terest of Arkansas. Accordingly, we are unable to find a procedural due process violation out of the lack of sentencing guidelines.

> *substantially outweighs* the governmental interest in withholding it.

631 F.2d at 580. In *Rogers,* as in *Eldridge,* the court concluded that additional process was not constitutionally due.

Although *Rogers* may be the first case in which *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), was *expressly* employed by a federal court to test the adequacy of criminal trial procedures, we are unconvinced the case announces any new constitutional principle. Movant does not argue and we cannot find that the defendant's interest, risk of an erroneous deprivation of that interest through the procedures used, the probable value of additional or substitute procedures and the government's interest are considerations theretofore foreign to evaluation of criminal due process claims. Nowhere in *Rogers,* moreover, does the Eighth Circuit Court of Appeals purport to announce a new constitutional principle, and its holding breaks no new ground.

■ Even if principles announced in *Rogers* could be characterized as "new," however we are not convinced they rise to a level that would entitle movant to a successive Rule 27.26 motion. While unquestionably meriting respect, rulings of the Eighth Circuit Court of Appeals are not generally binding on Missouri state courts, *Kraus v. Board of Education,* 492 S.W.2d 783, 784 (Mo.1973); *see also Hanch v. K.F.C. National Management Corp.,* 615 S.W.2d 28, 33 (Mo. banc 1981), and the trial court's evaluation of movant's claim would be independent of *Britton v. Rogers.* For this reason, it cannot be said *Rogers* provides grounds for vacating, correcting or setting aside movant's sentence.

Finally, we are unconvinced *Rogers* announces any constitutional principle that was unavailable to movant at the time of his first motion. The due process clause of the Fourteenth Amendment and *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), was as available to mov-

*Britton v. Rogers,* 631 F.2d at 580.

ant as to the petitioner in *Rogers*, and while our courts have exhibited sympathy for defendants whose failure to earlier raise constitutional objections reflects acquiescence to then-binding decisions of this state's highest court, *e.g. Bonner v. State*, 595 S.W.2d 393 (Mo.App.1980); see also *Benson v. State*, 611 S.W.2d 538, 539–42 (Mo.App.1980), movant cites no principles contrary to *Rogers* binding Missouri courts at the time of his first motion. Accordingly, we find no basis for a determination that this due process claim was previously unavailable to movant.

In his second motion, movant also claims § 556.280, RSMo 1969, was discriminatorily enforced against blacks and argues the trial court's dismissal of his motion without ordering the Circuit Attorney to disclose certain information denied him the opportunity to prove discriminatory enforcement.[4] Fatal to this argument and the remainder of movant's claims is the absence of any attempt to establish that they could not have been raised in his first motion. Rule 27.26(d).

█ Like the federal writ of habeas corpus, Rule 27.26 is a bulwark against convictions that violate fundamental fairness but entails significant costs. *See Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 1570, 71 L.Ed.2d 783 (1982). As five justices of the United States Supreme Court aptly opined in *Engle:*

> Collateral review of a conviction extends the ordeal of trial for both society and the accused.... By frustrating ... [the] interests [of the criminal defendant and society in insuring that there will at some point be the certainty that comes with an end to litigation], the writ undermines the usual principles of finality of litigation.
>
> Liberal allowance of the writ, moreover, degrades the prominence of the trial itself. A criminal trial concentrates

society's resources at one "time and place in order to decide, within the limits of human fallibility, the question of guilt or innocence." ... Our Constitution and laws surround the trial with a multitude of protections for the accused. Rather than enhancing these safeguards, ready availability of habeas corpus may diminish their sanctity by suggesting to the trial participants that there may be no need to adhere to those safeguards during the trial itself.

*Id.*, 456 U.S. at 127; 102 S.Ct. at 1571.

█ What may be said of the costs of a single motion for collateral review, applies at least doubly to a successive motion. Accordingly, Rule 27.26 is designed, where possible, to discover and adjudicate all claims for relief in one application. *State v. Stidham*, 415 S.W.2d 297, 298 (Mo. banc 1967). Movant has already been provided by this state with three opportunities to raise his constitutional objections: at trial, on direct appeal and in his first motion. In the second motion, he makes no showing that justice requires an exception in his case to our well-considered policy of adjudicating all constitutional claims in a single collateral proceeding. Accordingly, the trial court's conclusion that each claim raised in movant's second motion could have been raised in the first is not clearly erroneous. Dismissal without an evidentiary hearing was warranted, *see Grant v. State*, 486 S.W.2d 641 (Mo.1972), and the judgment is affirmed.

WELLIVER, GUNN, BILLINGS, BLACKMAR and DONNELLY, JJ., concur.

HIGGINS, J., dissents in separate opinion filed.

HIGGINS, Judge dissents.

I believe movant's second Rule 27.26 motion qualifies for a hearing under the provi-

---

4. Movant's counsel is to be commended for his efforts to obtain empirical support for plaintiff's discrimination · claim. Counsel avers that through the persistence of student volunteers, he has obtained information concerning approximately 3,000 Second Offender sentencings un-

der § 556.280 RSMo 1969, in the City of St. Louis during 1975, 1976 and 1977. It is with regret we conclude movant has failed to sustain his burden of showing this claim could not have been raised in his first motion.

sions of Rule 27.26(d) governing successive motions.

Rule 27.26(d) was well-interpreted in *Vaughan v. State,* 614 S.W.2d 718 (Mo. App.1981): "If there are new facts or new constitutional principles which could not have been known to the petitioner at the time of the first motion, the court will not foreclose a second motion based on these new grounds." *Id.* at 720.

Movant's "new constitutional principle" is an allegation of denial of due process in his sentencing procedure which he says arises from *Britton v. Rogers,* 631 F.2d 572 (8th Cir.1980), and its interpretation of *Matthews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

In these circumstances I feel that movant is entitled to be heard on the merits of his motion rather than to be precluded because he states his claim in a second motion.

Accordingly, I would reverse the judgment and remand the case for a hearing on the motion.