**Martsay BOLDER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 70823.**

Supreme Court of Missouri,
En Banc.

April 18, 1989.

CARL R. GAERTNER, Judge.

Martsay Bolder appeals the dismissal without evidentiary hearing of his second Rule 27.26 motion to vacate or set aside the sentence of death imposed upon a jury verdict finding him guilty of capital murder. His appeal to the Court of Appeals, Western District, was transferred to this Court prior to opinion. We affirm the judgment of the circuit court.

On March 14, 1979 appellant was an inmate in the Missouri State Penitentiary serving a life sentence for first degree murder. On that date appellant stabbed another inmate, Theron King, who died as a result of infection caused by a stab wound to the abdomen. Appellant was convicted of capital murder and sentenced to death after a jury trial in the Circuit Court of Randolph County. This judgment was affirmed on direct appeal. *State v. Bolder*, 635 S.W.2d 673 (Mo.banc 1982), *cert. denied*, 459 U.S. 1137, 103 S.Ct. 770, 74 L.Ed.2d 983 (1983).

Appellant then filed a Rule 27.26 motion which was denied after an evidentiary hearing. This judgment was affirmed. *Bolder v. State*, 712 S.W.2d 692 (Mo.App.1986). On December 20, 1986 appellant instituted the present action, his second motion to vacate and set aside the sentence of death pursuant to Rule 27.26.[1] Relying on Rule 27.26(d) the State moved for dismissal of appellant's motion. Rule 27.26(d) provides as follows:

> *Successive Motions.* The sentencing court shall not entertain a second or successive motion for relief on behalf of the prisoner where the ground presented in the subsequent application was raised and determined adversely to the applicant on the prior application or where the ground presented is new but could have been raised in the prior motion pursuant to provisions of subsection (c) of this Rule. The burden shall be on the prisoner to establish that any new ground raised in a second motion could not have been raised by him in the prior motion.

Mark A. Thornhill, Gardiner B. Davis, Kansas City, for appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for respondent.

1. Because this motion was pending on January 1, 1988 the provisions of Rule 27.26 continue to govern this action. Rule 29.15(m).

Concluding that the issues raised by appellant's second motion were or clearly could have been raised on his first proceeding for post-conviction relief, the motion court dismissed appellant's second motion with prejudice. On appeal from this order of dismissal appellant relies upon two points:[2] 1) that the court erred in ruling his allegation of ineffective assistance of trial counsel in failing to investigate for mitigation evidence was barred as a successive motion because the legal standard for judging ineffective assistance of counsel has changed since his prior motion, and 2) that the court erred in refusing to consider his claim of instructional error of constitutional significance and because the legal standard for judging the propriety of the instructions has changed. We address these points in order.

## INEFFECTIVE ASSISTANCE

In developing his contention that his claim of ineffective assistance of trial counsel should not be barred as a successive motion, appellant argues that after his first Rule 27.26 motion certain federal court decisions have ruled that counsel in a death penalty case is ineffective if he fails to investigate for evidence of mitigating circumstances, including character witnesses. These cases, he contends, give new import to the testimony of his trial counsel at the hearing on his first motion. Counsel there testified that he made no attempt to contact members of appellant's family in compliance with appellant's request not to involve his family. Characterizing the concept enunciated in these federal decisions as a "new constitutional principle" appellant cites *Vaughan v. State*, 614 S.W.2d 718 (Mo.App.1981) as authority for the proposition that Rule 27.26(d) does not foreclose a second motion to vacate which is based upon "new facts or *new constitutional principles* which could not have been known to the petitioner at the time of the first motion...." *Id.* at 720 (emphasis added). The flaws in appellant's argument

are readily disclosed by analysis of the cases upon which he relies.

This court has previously noted that the phrase "new constitutional principle" in *Vaughan* was mere *obiter dictum*, as in that case consideration of the second Rule 27.26 motion was premised upon the discovery of new facts, unknown to the petitioner at the time of his first motion. *Futrell v. State*, 667 S.W.2d 404, 406 (Mo. banc 1984). Nevertheless, in *Futrell*, we recognized the validity of the concept that a departure from existing constitutional standards first enunciated after a post-conviction motion could warrant consideration of a prisoner's rights under the new principle not available to him at the time of his first motion. However, we limited avoidance of the prohibition against successive motions on this ground to a situation in which "the newly available constitutional principle ... was binding on the court considering movant's motion, and the new ground arose from an express and retroactive overruling of the law in effect when movant's first motions were filed." *Id.* at 406. Illustrative of the narrow application of this rule is the case of *Bonner v. State*, 595 S.W.2d 393 (Mo.App.1980) in which a second motion was permitted on the basis of an intervening ruling of this Court that the statute under which the movant had been sentenced was unconstitutional. Thus, we rejected Futrell's argument that what he characterized as a "new" application of the due process clause to sentence enhancement procedures by a decision of the 8th Circuit Court of Appeals warranted the entertainment of a second Rule 27.26 motion.

Appellant in the instant case is attempting to follow the same line of argumentation we rejected in *Futrell*. He does not point to any previously established constitutional principle which has been overturned or modified by any decision binding upon Missouri courts. Rather, he cites two decisions of Federal appellate courts, *Laws v. Armontrout*, 834 F.2d 1401 (8th Cir. 1987) *vacated and withdrawn*, 845 F.2d 782 (1988) and *Armstrong v. Dugger*, 833 F.2d 1430 (11th Cir.1987) and argues that

---

**2.** Other grounds for relief alleged in appellant's 1986 motion not carried forward on appeal are deemed abandoned. *Herron v. State*, 498 S.W.

2d 530, 531 (Mo.1973); *Camillo v. State*, 555 S.W.2d 386, 387 (Mo.App.1977).

these decisions announce, as a new constitutional principle, that the effective assistance of counsel guaranteed by the sixth amendment imposes upon counsel a duty to investigate for mitigation evidence in death penalty cases. These decisions do not purport to expressly and retroactively overturn any existing law. Nor is the concept that reasonable investigation is an inherent part of effective representation a *new* constitutional principle. The identical issue to that raised by appellant herein was discussed in such cases as *Stanley v. Zant*, 697 F.2d 955 (11th Cir.1983), *Gray v. Lucas*, 677 F.2d 1086 (5th Cir.1982), *Washington v. Strickland*, 693 F.2d 1243 (5th Cir. 1982) and all of which predate appellant's first Rule 27.26 motion.

Moreover, we are of the opinion that appellant has misread into the cited *Armstrong* and *Laws* opinions a virtual per se rule that failure to discover mitigating evidence to present at the penalty phase of a death penalty case constitutes ineffective assistance of counsel, regardless of the reasonableness of counsel's actions or the prejudicial effect thereof. The cases do not so hold. In *Armstrong*, negligible investigation and preparation for the penalty phase of a death penalty case was attributed by the attorney, a member of the Bar for eight weeks, solely to his "inexperience coupled with the fact that it was a new procedure." Prejudice was found from counsel's failure to discover his client suffered from organic brain damage with mental retardation and epileptic seizures and had a non-violent history which included participation in religious activities and hard working contribution to family income. Under these circumstances, counsel's failure to investigate was found to be unreasonable and the prejudice prong of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) was met. The *Laws v. Armontrout* opinion cited by appellant was vacated and withdrawn by the 8th Circuit Court of Appeals and a Motion for Rehearing by the court En Banc was granted. *Laws v. Armontrout*, 845 F.2d 782 (8th Cir.1988). After rehearing, that court expressly rejected the concept of a per se rule that failure of counsel to investigate and present evidence in mitiga-tion in the penalty phase of a death penalty case constitutes ineffective assistance. *Laws v. Armontrout*, 863 F.2d 1377, 1382 (8th Cir.1988). Rather, the court held that such failure by counsel was to be examined not by an outcome determinative hindsight or second guessing, but by the two-pronged test of reasonableness and prejudice enunciated in *Strickland*, 466 U.S. at 669, 104 S.Ct. at 2055. Application of the *Strickland* standards to counsel's failure to develop and present mitigation evidence at the sentencing hearing of a death penalty case is also found in *Burger v. Kemp*, 483 U.S. 776, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

Accordingly, it is essential for a movant seeking to invoke the court's jurisdiction to vacate, correct, or set aside his sentence on the grounds of ineffective assistance of counsel to allege facts, not refuted by the record, which, if true, would show that counsel's performance was deficient and that this deficient performance so prejudiced the defense that the movant was denied a fair trial. Viewing the allegations of ineffective assistance in appellant's 1986 motion in the light of these *Strickland* standards, the inadequacy of the allegations to show appellant entitled to relief becomes glaringly apparent. Appellant alleges his trial counsel was ineffective in failing "to properly investigate for and interview witnesses whose testimony would have been favorable to movant during the punishment phase of his trial." Nine names are endorsed as witnesses in support of this allegation some with addresses, some without. The motion is utterly silent regarding any fact which might be garnered by interviewing these witnesses. There is no allegation pertaining to trial counsel's ability to know of the existence of any of these witnesses or how he might be aware of their ability to present testimony favorable to movant. Failure to allege such facts is fatal to a motion seeking post-conviction relief and warrants denial of the motion without an evidentiary hearing. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979); *Smith v. State*, 513 S.W. 2d 407, 411 (Mo. banc 1974), *cert. denied* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975).

Furthermore, the record of appellant's 1983 motion under Rule 27.26, before us as a part of the legal file, serves to refute his present contention. In 1983 he alleged his trial counsel was ineffective in that he "failed to interview or subpoena defendant's character witnesses." At the hearing on this motion his trial counsel testified he did not contact appellant's family in compliance with the client's request not to get his family involved. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066. Moreover, the fact that in 1983 appellant alleged and educed evidence pertaining to trial counsel's failure to interview witnesses and present evidence in mitigation cast a questionable light upon his present contention that such a charge of ineffective assistance was unavailable to him until recent decisions announced a new constitutional principle.

Appellant has failed to carry his burden that the allegation of ineffective assistance of counsel raised in his second motion could not have been raised by him in the prior motion. We find no error in the dismissal of appellant's 1986 claim of ineffective assistance of counsel.

### INSTRUCTIONAL ERROR

■ Appellant's second point on appeal, asserting error in the penalty phase jury instructions, confronts the same insurmountable obstacle as did his first point: the prohibition of Rule 27.26(d) against consideration on a second post-conviction motion of grounds which were or could have been raised in the prior motion. Once again he seeks to circumvent this prohibition by citing a decision of the 11th Circuit Court of Appeals and by arguing that this case "announces a change in the law." The cited case is *Jackson v. Dugger*, 837 F.2d 1469 (11th Cir.1988) and the so-called change in the law is the conclusion that it is constitutionally impermissible to instruct a jury in a death penalty case that death is presumed to be the appropriate sentence if a statutory aggravating circumstance is found to exist.

Even a cursory reading of the *Jackson* opinion reveals there is nothing new about this principle. In condemning the instruction that presumed death to be the proper sentence where aggravating circumstances have been found the *Jackson* court relied upon cases in which the Supreme Court has "emphasized repeatedly" that consideration of mitigating circumstances may not be precluded nor their import disparaged. *Id.* at 1473. *Jackson* does not announce a change in the law and certainly not a new constitutional principle which constitutes "an express and retroactive overruling of the law in effect when movant's first motions were filed." *Futrell* 667 S.W.2d at 406.

Moreover, appellant's challenge to the jury instructions during the penalty phase of his trial does not assert that the instruction created a presumption in favor of death, the issue decided in *Jackson*. His complaints are that the jury was improperly directed on the penalty phase of the trial to reconsider the evidence regarding the murder and that a phrase from one instruction, taken out of context, constitutes an unwarranted assumption. If there was merit to these contentions, and we find none, they should have been raised on direct appeal. *Hanson v. State*, 684 S.W.2d 337, 339 (Mo.App.1984); Rule 27.26(b)(3). If, as he alleges in a conclusory manner, the instructional error rises to the level of constitutional proportion, a conclusion with which we disagree, he has advanced no reason why it could not have been raised on his first Rule 27.26 motion.

We find no error in the dismissal of appellant's 1986 claim of instructional error.

Judgment affirmed.

BILLINGS, C.J., and BLACKMAR, WELLIVER, RENDLEN, HIGGINS and COVINGTON, JJ., concur.

ROBERTSON, J., not sitting.