STATE of Missouri, Plaintiff-Respondent,

v.

Murray HARRIS, Defendant-Appellant.

No. 36651.

Missouri Court of Appeals,
St. Louis District,
Division Three.

July 6, 1976.

Motion for Rehearing and for Transfer to
Supreme Court Denied Sept. 30, 1976.

Kent Karohl, David M. Korum, Kirkwood, Thomas P. Howe, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Christopher R. Brewster, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

Murray Harris, appellant, was found guilty in the Circuit Court for the City of St. Louis of unlawfully possessing and dispensing phemetrazine, a Schedule II Con-

trolled Substance in a two count Substitute Information, § 195.020 V.A.M.S., and on Count I was sentenced to a term of seven years and on Count II to a term of five years in the custody of the Missouri Department of Corrections, said sentences to be served consecutively and not concurrently under the terms of § 546.480 V.A.M.S. This appeal followed.

 The jury verdict in this cause was returned into the trial court on September 19, 1974. According to the transcript of the record filed in this court appellant's Motion for Judgment of Acquittal, or in the Alternative, for a New Trial, was not filed in Circuit Court until October 16, 1974. Rule 27.20 requires that a Motion for New Trial be filed before judgment and within ten days after the return of the verdict. This same Rule permits the trial court upon application of the defendant to extend the time for filing a Motion for New Trial for an additional period of thirty days. The Motion in this case was not filed until twenty-seven days after the return of the verdict. The record does not reflect that the appellant requested, or that the trial court granted, any extension of time for filing the Motion for New Trial beyond the original ten day period provided in the Rule and therefore the appellant's Motion for New Trial was not timely filed, having been filed some seventeen days late.

The provisions of Rule 27.20(a) fixing the time within which a Motion for New Trial shall be filed are mandatory. Any Motion for New Trial filed beyond the time provided in Rule 27.20(a) is a nullity and preserves nothing for review. *State v. Tucker*, 451 S.W.2d 91, 92[1, 2] (Mo.1970); *State v. Laden*, 536 S.W.2d 880 (Mo.App.St.L. 1976).

Nevertheless, we glean from the record that the consecutive sentences imposed by the trial court were imposed "under § 546.480 of the Revised Statutes of Missouri." § 546.480 RSMo. 1969, under which mandatory consecutive sentences were imposed, is unconstitutional. *State v. Baker*, 524 S.W.2d 122 (Mo. banc 1975). The trial court must exercise discretion in imposing sentences where verdicts of guilty on multiple count informations or indictments are involved, and where it is evident that it has not exercised its discretion in imposing sentences by reason of the directive of § 546.480 RSMo. 1969, a remand for the purpose of affording the trial court an opportunity to exercise its discretion in that respect is appropriate, even though that point is not preserved for review. *State v. McCollum*, 527 S.W.2d 710, 714[5] (Mo.App.1975); *State v. Jones*, 534 S.W.2d 556, 558[6, 7] (Mo.App.1976).

The judgment is reversed and the cause is remanded for the limited purpose of resentencing by the court, after the exercise of its discretion whether to impose the sentences consecutively or concurrently.

SIMEONE, P. J., and GUNN, J., concur.