STATE of Missouri, Plaintiff-Appellant,

v.

Kieran Lee PFEIFER, Defendant-Respondent.

No. KCD 28412.

Missouri Court of Appeals, Kansas City District.

Nov. 29, 1976.

John H. Fraze, Pros. Atty., Nodaway County, Maryville, for plaintiff-appellant.

John E. Downs, Downs & Pierce, St. Joseph, for defendant-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

The State has appealed the dismissal by the trial court of an information as insufficient. The appeal is under Rule 28.04. The information was originally filed in the Magistrate Court of Nodaway County, Missouri and was ultimately disposed of on a motion to quash after change of venue and a variety of continuances in the Circuit Court of Holt County.

The information alleged, first, a misdemeanor offense of driving while intoxicated on the 7th day of November, 1970, in the Magistrate Court of Polk County, a conviction and sentence upon said offense of a fine of $100 with subsequent payment of the fine. After that preamble, the information charges the instant offense on the 20th day of September, 1974, at the County of Nodaway and charges that an automobile was operated by the defendant while he was in an intoxicated condition contrary to Section 564.440 RSMo 1969.

It is thus apparent that the prosecutor was attempting to charge a violation under 564.440, subparagraph (2), a misdemeanor offense requiring the imposition of a term of not less than 15 days and not more than one year in the county jail. The motion to quash filed in response to this information is as follows:

"MOTION TO QUASH

Comes now the defendant, Kieran Lee Pfeiffer, and moves that the information

filed against him be quashed, dismissed and held for naught in that the alleged facts set down in paragraph 1 thereof recite that the defendant was duly convicted of driving while intoxicated, a misdemeanour. The alleged conviction is void, being violative of Rule 29.02 of the Supreme Court of the State of Missouri, and is violative of the Constitution of the State of Missouri and the United States, in that pursuant to the exhibits attached hereto and made a part hereof, the defendant, Kieran Lee Pfeiffer was not personally present when the alleged plea of guilty was made. Nor did the court and prosecuting attorney consent to such trial in the absence of defendant."

In support of the motion to quash, the defendant testified that he had been arrested and taken before a judge in Polk County in 1970. Upon his appearing before the judge, he had posted bond, that he had a lawyer, but that he never went to court nor appeared in Polk County again. Further, that he never authorized his lawyer to plead guilty for him. The records of the Polk County court were in evidence, and they disclose the following judgment entry:

"Now comes the attorney for the defendant into open court and enters a plea of guilty to the above charge, which charge is set forth by a uniform traffic ticket endorsed by Ralph W. Gilchrist, prosecuting attorney. The Court assesses a fine of $100.00 with Court costs of $14.00 Defendant having posted bond previously, bond was disbursed for the amount of fine and costs and remainder refunded to defendant."

The specific attack leveled at the information under the motion, evidence and the argument of counsel was that the prior conviction in Polk County was invalid as being in violation of Rule 29.02. The instant information therefore being void in attempting to allege the offense of intoxicated driving under Subsection (2) of Section 564.440.

The specific issue here presented has not been ruled upon by the courts of Missouri.

This court must initially decide what constitutes the offense comprehended within Section 564.440. Clearly, the statute prescribes but a single offense, that enunciated in the initial sentence of the statute, "No person shall operate a motor vehicle while in an intoxicated condition." The balance of the statute relates to the characterization of the offense as a misdemeanor or a felony and prescribes the punishment to be assessed, dependent upon whether it is the first, second or third offense. The statute has obvious similarities to the Second Offender Act, Section 556.280 RSMo 1969. The case law of this State, in construing Section 564.440, has noted that a prior conviction, in order to increase the range of punishment for a second conviction for the offense must be pleaded in the same manner as a prior conviction under the Second Offender Act. *State v. Barker,* 490 S.W.2d 263 (Mo.App.1973).

■ Thus, the analogy between Section 564.440 and the Second Offender Act has been recognized judicially. It follows that cases interpreting the Second Offender Act will be persuasive on the issue at hand. The case law interpreting the Second Offender Act has held that that statute does not create a separate and distinct offense, nor permit conviction upon the charge of being a habitual criminal. Proof of the prior conviction is not a substantive part of an offense subsequently committed, and any conviction must be for the offense charged in the information. The Second Offender Act merely provides for enhanced punishment. *State v. Gillette,* 277 S.W.2d 680 (Mo.App.1955); *State v. Foster,* 251 S.W.2d 675 (Mo.1952); *State v. Humphrey,* 357 Mo. 824, 210 S.W.2d 1002 (1948). Accord, *State v. Rose,* 428 S.W.2d 737 (Mo. 1968), which held that the filing of a subsequent information charging a prior felony did not change the substance of the primary charge.

■ The provisions of subsections 1, 2 and 3 of Section 564.440 also constitute an enhancement of the punishment for the ba-

sic offense of driving a motor vehicle while intoxicated. Thus, it follows that the same rule must apply with respect to the validity of any such prior conviction offered for the purpose of enhancing the punishment as in the instance of a prior conviction under the Second Offender Act. It is clear that if the offense offered in support of the conviction under the Second Offender Act is invalid, the enhancement of punishment cannot occur. The prior conviction or convictions offered to impose the progressively enhanced penalties of Section 564.440(2) and (3) must be valid to support the enhanced punishment.

Turning now to the question of the validity of the prior offense, on the face of this record, this conviction is void and cannot provide the basis for enhanced punishment in this case. Rule 29.02 requires, "No person shall be tried upon an indictment or information for a felony unless he be personally present during the trial; nor shall any person be tried for *or be allowed to enter a plea of guilty of a misdemeanor unless he be personally present or the court and prosecuting attorney consent to such trial or plea in the absence of the defendant.*" (Emphasis added).

Although the rule seems to permit the proceedings to carry forth in the absence of a defendant if it is agreeable to both the court and the prosecuting attorney, such is not the interpretation given it by the Missouri Supreme Court. In *State v. Norton,* 347 S.W.2d 849 (Mo. banc 1961), the defendant had failed to appear for a court date on a traffic offense, his attorney did appear and successfully argued a motion to dismiss the information, and the question on appeal was the propriety of the forfeiture of defendant's appearance bond. The court upheld the forfeiture and the scire facias proceeding to enforce the forfeiture. In doing so, the court said at page 852, "The provision of Sup.Ct.R. 29.02 (see § 546.030) that no person shall be tried for a misdemeanor 'unless he be personally present or the court and prosecuting attorney consent to such trial . . . in the absence of the defendant' is subject to such consent being in

response to a request by the accused." The court further noted in *Norton* that the record before them disclosed no request by defendant that the case be tried in his absence.

In *State v. Cook,* 432 S.W.2d 345 (Mo. banc 1968), the defendant was charged with the misdemeanor of speeding. On the date set for trial, the State appeared, the defendant did not appear, but his attorney did and announced not ready for trial since his client was not present. The case proceeded to trial, and the defendant was found guilty by a jury and fined $500. On appeal, it was contended the trial court erred in proceeding with the trial in defendant's absence. The Missouri Supreme Court agreed, citing Rules 29.02 and 29.04 for the proposition that:

"The statute and rules provide that no person can be tried in cases involving felonies or misdemeanors unless he be personally present, subject to certain recognized exceptions. For example, in cases involving felonies or misdemeanors, 'when the record in the appellate court shows that the defendant was present at the commencement or any other stage of the trial, it shall be presumed, in the absence of all evidence to the contrary, that he was present during the whole trial.' [Citing cases]. Further, *if the accused requests,* and the Court and prosecuting attorney consent, a trial may be had in a misdemeanor case with the accused absent. *State v. Norton,* Mo.Sup., 347 S.W.2d 849 (1961); *City of St. Louis v. Walker,* Mo.App., 309 S.W.2d 671 (1958); S.Ct. Rule 37.485, V.A.M.R." l.c. 346–347.

The court went on to hold that the exceptions did not apply in the case under discussion since "[t]he transcript on appeal does not affirmatively show that appellant was present at the commencement of the trial or at any other stage of the trial [and] [n]o request of appellant for a trial in his absence appears of record." The court held the conviction infirm, and reversed and remanded the case.

On the authority of the *Norton* and *Cook* cases, before a defendant may be tried for or plead guilty to a misdemeanor in absentia, it must affirmatively appear in the record that he requested the cause proceed in his absence. It is this request to which the consent of the court and the prosecuting attorney referred to in Rule 29.02 must be responsive.

The certified record of the Polk County conviction reciting that the defendant's attorney entered the guilty plea does not affirmatively show that defendant requested or consented to the plea being entered in his absence. During the taking of evidence on the motion to quash, the defendant categorically denied ever making such a request or giving such consent. It is to be noted that this was the testimony elicited on both direct and cross examination. The evidence in this case makes it apparent that the issue of an implied request based on the attorney's presence as counsel for the defendant is not reached or decided. In light of the *Cook* case holding, the former conviction is void for purposes of invoking Subsection (2) of § 564.440 RSMo 1969.

In this regard, compare favorably the case of *State v. Alberts,* 519 S.W.2d 562 (Mo.App.1975). In *Alberts,* defendant had been convicted of stealing and had been sentenced under the Second Offender Act. On appeal, it was contended that it was error to sentence under the Second Offender Act because his prior conviction was void for the reason he had not been represented by counsel. In support of this claim, he pointed to the certified copy of his 1956 conviction which had been introduced to prove a former felony conviction and so satisfy the requirements of the Second Offender Act. The certified copy failed to show that defendant had been represented by counsel on the felony charge. The St. Louis District held that this clearly indicated that the defendant did not have the benefit of counsel at the 1956 proceeding and made such conviction void for the purpose of establishing a prior conviction under the Second Offender Act.

However, the holding that the prior conviction in Polk County cannot afford a basis for enhanced punishment under Section 564.440 does not conclude the inquiry. The question still remains as to whether the court's order in *dismissing* the information was the appropriate response in the circumstances of this case to the defendant's motion. Again turning to the analogy between Section 564.440 and the Second Offender Act, the case law in construing the Second Offender Act is helpful in concluding the issue of the basic validity of this information.

The *offense* under Section 564.440 is driving while intoxicated, all of the balance of the statute being referable to the question of the punishment and the degree of the offense committed. In *State v. Held,* 347 Mo. 508, 148 S.W.2d 508 (1941), the court held that an information insufficiently charging the prior conviction failed to invoke the Second Offender Act, but nonetheless charged the underlying offense of robbery in the first degree and affirmed a conviction. Similarly, in *State v. Hagedorn,* 305 S.W.2d 700 (Mo.1957), the court, under a 27.26 proceeding, affirmed a conviction despite allegation of a prior conviction which could not be proven. Thus, the failure under the Second Offender Act to prove the underlying prior conviction does not, in and of itself, render the entire information void, but simply prevents the enhancement of punishment provisions of the Second Offender Act to apply. Viewing this information then in the light of the authority decided under the Second Offender Act and in light of the obvious parallel between the Second Offender Act and the enhancement of punishment provisions of Section 564.440, a failure to properly allege or prove the underlying offense necessary for enhancement of punishment under 564.440 does not invalidate the entire information, but simply makes the provisions concerning enhancement of the sentence inoperative. This conclusion is strengthened by the application of Rule 24.11 which sets forth matters which are insufficient to cause an information to be held invalid. That Rule provides:

"No indictment or information shall be deemed invalid, . . . twelfth, for any surplusage or repugnant allegation *when there is sufficient matter alleged to indicate the crime and person charged* or for want of the averment of any matter not necessary to be proved; or, thirteenth, for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits: . . ." (Emphasis added.)

That part of the information charging the primary offense here is paragraph 2, and it specifically charges that ". . . on or about the 20th day of September, 1974, . . . the defendant . . . did wilfully, and unlawfully . . . operate a certain motor vehicle, . . . while he, the said defendant, . . . was then and there in an intoxicated condition, . . . ." The prohibitions of the statute, § 564.440 RSMo 1969, are equally succinct. The offense is set forth in one sentence, "No person shall operate a motor vehicle while in an intoxicated condition." It is obvious the information substantially follows the wording of the statute and so is sufficient to charge the primary offense. *State v. Richardson,* 343 S.W.2d 51 (Mo. 1961); *State v. Davis,* 371 S.W.2d 270 (Mo. 1963); *State v. Hurley,* 251 S.W.2d 617 (Mo. 1952). Since the information was sufficient to charge the primary offense, it should not have been held invalid. That portion of the information attempting to invoke Subsection (2) of § 564.440 RSMo 1969, being ineffectual for that purpose, should have been held to be mere surplusage and stricken as such.

It, therefore, follows that the judgment of the trial court dismissing the information was in error and the cause is reversed to the circuit court with directions to strike that portion of the information charging the Polk County conviction and reinstate the information charging the basic offense of driving while intoxicated with the penalty as provided in Subsection (1) of Section 564.440. In view of the disposition of this case, the other points raised by the State need not be considered.

Reversed and remanded with directions.

All concur.