STATE of Missouri,
Plaintiff-Respondent,

v.

Jack Dean GRIFFIN, Jr.,
Defendant-Appellant.

No. KCD 29596.

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

John H. Fraze, Maryville, for defendant-appellant.

Warren L. McElwain, Pros. Atty. of De-Kalb County, Maysville, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant appeals a ninety day jail sentence for driving while intoxicated first offense. The appeal must be dismissed since there is no final judgment.

This case presents a maze of procedural error and confusion. The charge was initiated in the circuit court on an information charging the defendant with driving while intoxicated second offense predicated on the pleading of an earlier conviction for the same offense. The defendant waived a jury, and the case was tried to the court. After extensive testimony and argument which need not be detailed here, the trial judge then announced his verdict as follows:

"I believe, . . . , that the State has proven a prima facie case and it is the finding of the court that the defendant, Jack Dean Griffin, Jr., on the 22nd of September, 1972, was convicted on a charge of driving while intoxicated, such conviction was valid. The court further finds that on the charge on the Information the defendant is guilty of driving while intoxicated, having previously been convicted of driving while intoxicated."

Thereafter, the procedural difficulties began. The verdict by the trial judge was rendered on February 3, 1977. The court then, in a colloquy with counsel about a motion for new trial, said:

"THE COURT: All right. You, of course, will have to file a motion within fifteen days and I don't think we have authority to extend that any more."

Despite counsel's assertion that a motion for new trial would be filed, the court immediately made a docket entry finding the defendant guilty and concluding as follows:

". . . defendant is accorded allocution and sentenced to nine (9) months in the county jail, defendant returned to bond pending filing of a motion for new trial, motion or new trial set for argument 11:00 A.M., March 3rd, 1977."

Such a purported judgment could not have been entered until the 10-day period prescribed for filing the motion for new trial had passed or a timely-filed motion was ruled upon or deemed denied under Rule 27.20(b). *State v. Nichols*, 474 S.W.2d 54 (Mo.App.1971).

The defendant then filed an application for an extension of thirty days from February 13th. This was granted by the trial judge. Curiously, the extension order was dated February 11th, but was not shown filed until February 15th. A motion for new trial was then filed on March 14th, and the matter then languished until May 19th.

On May 19th, the state of the record in this case was thus a verdict of guilty and no proper entry of judgment since the purported judgment of February 3rd was premature. Likewise, there was pending a motion for new trial.

On May 19th, the trial court then took up the motion and made an entry, a portion of which is as follows:

". . . defendant's *Motion for New Trial* is taken up and heard, *sustained in part* and denied in part, the Court finds

that the prior conviction of Driving While Intoxicated was not a valid conviction and therefore the enhancement in punishment was improper, the court therefor *sets aside the judgment of the conviction and sentence imposed on February 3, 1977, . . .*" (Emphasis supplied).

 That portion of the court's order of May 19th was justified. The prior conviction offered in evidence was had without the presence of the defendant or his consent and, therefore, is invalid and inadmissible under the rule set forth in *State v. Pfeifer*, 544 S.W.2d 317 (Mo.App.1976). If the motion had been denied and a judgment entered on May 19th finding the defendant guilty of driving while intoxicated, second offense, the judgment would have to have been reversed on appeal upon the authority of *Pfeifer*.

However, after setting aside the verdict as noted above, the court then continued the entry as follows:

". . . defendant is found guilty of driving while intoxicated first (1st) offense and sentenced to Ni*nty* (90) days in the County jail, defendant accorded allocution, *sentence imposed* and on defendant's Motion to be admitted to bond pending Motion for New Trial and Appeal, the said application is sustained and defendant admitted to Bond pending filing of Motion For New Trial or Appeal 'JSS." (Emphasis supplied).

This purported new verdict and judgment was then addressed by what is denominated an amended motion for new trial filed May 24th which was overruled on June 9th by a docket entry which refers to the "imposing of sentence" but with no judgmental language or term of sentence mentioned. A notice of appeal was filed on June 15th.

As we view this record, there is no verdict in this case. The verdict of February 3rd was set aside and properly so on the failure of the state to prove the prior conviction.

The purported finding of guilt of the lesser offense immediately following the setting aside of the verdict is a nullity. The defendant was entitled to attack the verdict as found, and the court could only order a new trial. The court's attempt to reenter a new verdict was improper. The case, therefore, is still pending in the circuit court awaiting a new trial.

Appeal dismissed.

All concur.