**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Donald D. MIDDLEMAS,
Defendant-Appellant.**

No. 12922.

Missouri Court of Appeals,
Southern District,
Division Two.

June 30, 1983.

John D. Ashcroft, Atty. Gen., Theodore A. Bruce, Melinda A. Corbin, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

Dee Wampler, Wampler & Wampler, Springfield, for defendant-appellant.

PREWITT, Judge.

A jury found defendant guilty of the class D felony of driving a motor vehicle while intoxicated, § 577.010.2(3), RSMo 1978, assessed his punishment at two years' imprisonment, and recommended a fine of $3,000. A judgment was entered accordingly.

At a hearing held outside the hearing of the jury, pursuant to § 577.010.3, the state introduced certified copies of court records showing that defendant had three previous convictions of driving while intoxicated. Based upon those convictions, the trial court determined that the charge against defendant "is properly brought as a third offense of driving while intoxicated and can properly be submitted to the jury as a class D

felony under sub-part 3 of paragraph 2 of § 577.010."

Defendant's first point contends that the trial court erred in overruling his objection to the introduction of the records of two of the convictions because the records do not show valid convictions. Both were based upon guilty pleas. He contends that one of the purported convictions is invalid because the record of it showed that defendant was not present in court at the time of the conviction and did not show that he waived his right to be present. He contends that the other record of conviction is infirm because it did not show that the plea of guilty was made voluntarily, knowingly and intelligently.

If either of the convictions was proper to be considered by the trial court, then there is no error as there would be two prior convictions and this charge would be the third offense. It would be immaterial whether this was the third or fourth offense. Section 577.010.2(3) makes the third and subsequent offenses a class D felony.

As we determine that the record of a conviction does not have to show that the plea of guilty was entered voluntarily, knowingly and intelligently before it can be considered as a valid conviction, we do not decide whether a record of a conviction is inadmissible because it shows that the defendant was not present when the conviction occurred and does not show that he waived his right to be present. On this latter question, see Rule 31.03, Rule 37.50; *State v. Griffin,* 563 S.W.2d 166, 168 (Mo.App.1978); *State v. Pfeifer,* 544 S.W.2d 317, 320–321 (Mo.App.1976).

■ A certified copy of a prior conviction is presumed to be regular and if it is in proper form and substance, it serves as a sufficient basis to support the establishment of a prior conviction. *State v. Dittman,* 542 S.W.2d 72, 73 (Mo.App.1976). By failing to take timely advantage of the remedies provided to set aside the judgment for invalidities not apparent on the face of it, the defendant has waived any such defects as a ground for objection to the admission of a certified copy of the judgment as evidence of a prior conviction. *Id.* 542 S.W.2d at 74. See also *State v. Goff,* 449 S.W.2d 591, 597 (Mo.banc 1970); *State v. Lasiter,* 562 S.W.2d 751, 753–754 (Mo.App. 1978). It is not necessary that the record of conviction show that the plea of guilty was entered voluntarily, knowingly and intelligently as it is presumed to be regular, and if it is in proper form and substance, as was the record here questioned, it is sufficient to show a prior conviction. Point one is denied.

Defendant's second point contends that the trial court erred in giving a verdict-directing instruction which did not refer to his defense of mental disease or defect excluding responsibility.

■ All persons are presumed to be free of mental disease or defect excluding responsibility and whether any person had a mental disease or defect excluding responsibility is for the jury to decide upon the introduction of substantial evidence of lack of such responsibility. § 552.030.7, RSMo Supp.1982. An instruction submitting mental disease or defect excluding responsibility should be given only when there is substantial evidence to support it. *State v. Thomas,* 625 S.W.2d 115, 124 (Mo.1981); Notes on use, MAI–CR 2d 2.30.

■ Defendant contends that substantial evidence supporting this defense was presented by a clinical psychologist who he called as a witness. Although the psychologist stated that defendant was an alcoholic, he determined that defendant had "no mental disease or defect". Defendant does not contend that there was other evidence to support this defense and we find none in the record. There was not substantial evidence to support an instruction that defendant suffered from mental disease or defect excluding responsibility, therefore defendant was not prejudiced when the submission instruction did not refer to that defense. This point is denied.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.