**STATE of Missouri, Plaintiff-Respondent,**

v.

**David Fred WIMBERLY, Defendant-Appellant.**

No. 14208.

Missouri Court of Appeals, Southern District, Division Three.

Oct. 31, 1985.

Wesley D. Coleman, Asst. Public Defender, Caruthersville, for defendant-appellant.

Michael B. Hazel, Pros. Atty., J. David Ford, Asst. Pros. Atty., Caruthersville, for plaintiff-respondent.

MAUS, Judge.

In a court tried case appellant was convicted as a prior offender of driving while intoxicated under § 577.010, RSMo Supp. 1984. He was sentenced to Pemiscot County jail for 48 hours and fined $150. The offense appealed from occurred February 9, 1985. Appellant had previously pleaded guilty to driving with excessive blood alcohol content on July 14, 1980. Appellant does not challenge the sufficiency of the evidence. It clearly established the appellant was driving while intoxicated.

■ Appellant contends the court erred in overruling his motion to dismiss based on the fact that the state did not make an opening statement. The state's only witness was the patrolman who arrested the appellant. The patrolman administered a field test. This test, the patrolman's observations and a breathalyzer established a basis for his undisputed opinion that the appellant was intoxicated and his ability to drive was thereby impaired. The defense does not claim surprise by the fact that the patrolman testified nor by the content of his testimony. A similar argument was made by a defendant under similar circumstances in *State v. Hood*, 680 S.W.2d 420 (Mo.App.1984). As in this cause, no prejudice was demonstrated and the argument was rejected. This point is denied.

■ The appellant also contends the trial court erred in considering proof of his prior conviction. It is not necessary to consider all of the bases asserted by the appellant to establish that contention. The proof of that conviction makes no reference to representation by or waiver of counsel. That proof was inadmissible to enhance punishment upon conviction of the instant offense when imprisonment was to be imposed. *State v. Wilson*, 684 S.W.2d 544 (Mo.App. 1984).

The sentence was fixed by the court. It is within the range of punishment for a first offense driving while intoxicated. §§ 577.010.2, 558.011.1(5), RSMo Supp. 1984, and 560.016, RSMo 1978. However, it is not shown the trial court did not impose the sentence because of the restrictions upon punishment of § 577.023.2, RSMo Supp.1984. Cf. *State v. Harris*, 541 S.W.2d 686 (Mo.App.1976); *State v. McCollum*, 527 S.W.2d 710 (Mo.App.1975). Nevertheless, the insufficiency of that proof does not mar the determination of guilt. The sentence is vacated and the cause is remanded for reconsideration of the punishment and resentencing in accordance with the procedure outlined in *State v. Harris*, supra; *State v. McCollum*, supra;

*State v. Jackson*, 511 S.W.2d 447 (Mo.App. 1974).

PREWITT, C.J., CROW, P.J., and FLANIGAN, J., concur.