**Gary L. DOVER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14761.**

Missouri Court of Appeals,
Southern District,
Division One.

March 12, 1987.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Chief Judge.

On November 26, 1984, Gary L. Dover ("movant") entered a plea of guilty to an information charging him with driving while intoxicated, § 577.010.1, RSMo Cum. Supp.1984, and also charging him with having pleaded guilty to, or having been found guilty of, "two or more intoxication-related traffic offenses within ten years of the instant offense." [1] The trial court accepted

---

1. Section 577.023.1(1), RSMo Cum.Supp.1984,     provides: "An 'intoxication-related traffic of-

the plea of guilty, found movant guilty, and sentenced him to three years' imprisonment.

Several months later, movant filed a motion per Rule 27.26, Missouri Rules of Criminal Procedure (16th ed. 1985), to vacate the conviction. Counsel was appointed for movant, an evidentiary hearing was conducted, and the judge (henceforth referred to as "the motion court") entered findings of fact, conclusions of law, and judgment denying the motion. Movant appeals from that judgment. His lone assignment of error is:

"The [motion] court was clearly erroneous in entering findings of fact and conclusions of law denying [movant] post-conviction relief because [movant] had been denied his right to effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 18(a) of the Missouri Constitution in that the record clearly indicates that his defense counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstance by failing to adequately investigate the prior convictions relied on by the State to charge [movant] as a persistent offender. [Movant] was prejudiced by his defense counsel's ineffectiveness because he entered a plea of guilty without being informed that two of those prior convictions could not have been used to enhance his punishment, and therefore, his plea was involuntary and unknowing. In the alternative, the [motion] court's findings do not adequately address [movant's] allegation of ineffective assistance of counsel."

Driving while intoxicated is, for the first offense, a class B misdemeanor, § 577.010.-2, RSMo Cum.Supp.1984, the authorized imprisonment for which is a term not to exceed six months, § 558.011.1(6), RSMo Cum.Supp.1984. However, § 577.023.3, RSMo Cum.Supp.1984, provides, among other things, that any person who pleads guilty to driving while intoxicated, and who is alleged and proved to be a persistent offender, shall be guilty of a class D felony. The authorized imprisonment for a class D felony is a term not to exceed five years. § 558.011.1(4), RSMo Cum.Supp. 1984.

The term "persistent offender," as employed in § 577.023.3, above, is defined by § 577.023.1(2), RSMo Cum.Supp.1984:

"A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more intoxication-related traffic offenses committed at different times within ten years of a previous intoxication-related traffic offense conviction;".

The information to which we referred in the first paragraph of this opinion alleged that movant, on or about August 19, 1984, operated a motor vehicle in an intoxicated condition. Seeking to invoke the persistent offender provisions mentioned above, the information further alleged, *inter alia:*

"On or about October 4, 1983, [movant] was convicted in Associate Circuit Court of Scott County, Missouri, of driving while intoxicated, and

On or about June 2, 1982, [movant] was convicted in Associate Circuit Court of Scott County, Missouri, of driving while intoxicated, and

On or about October 24, 1979, [movant] was convicted in Associate Circuit Court of Scott County, Missouri, of driving with .10% or more by weight of alcohol in the blood."

Henceforth, we shall refer to those three convictions, respectively, as "the 1983 case," "the 1982 case," and "the 1979 case." The conviction movant attacks in this 27.26 proceeding shall be referred to as "the 1984 case."

The transcript of the guilty plea proceeding in the 1984 case—received as evidence at the evidentiary hearing in the motion court—showed that movant was represented in the 1984 case by attorney G____. During the guilty plea proceeding, the trial

---

fense' is driving while intoxicated, driving with excessive blood alcohol content, or driving under the influence of alcohol or drugs in violation of state law;".

court asked the prosecutor to outline the evidence he would present if the case were tried. The prosecutor's narrative included a statement that movant had the three convictions alleged in the information. Then, this:

"Q (By the Court) Mr. Dover, did you hear the statements of the prosecutor?

A Yes, sir.

Q Are those statements substantially correct?

A They are true."

Movant also told the trial court, among other things, that he (movant) had discussed the facts and the law with G____, that he was satisfied with G____'s services, and that G____ had done everything movant had asked of him. At the conclusion of the proceeding, the trial court found that movant's plea of guilty was made voluntarily and intelligently, with full understanding of the charge and the consequences of the plea. The trial court further found there was a factual basis for the plea.

Movant's motion to vacate, filed pro se, contained, among its rambling and abstruse allegations, an averment that the "prior convictions were not valid for the reason that the Movant never had counsel for the defense without a valid written waiver of counsel for his defense."

An amended motion, filed by movant with the assistance of appointed counsel, alleged that G____ was ineffective in that he failed to discover that two of the convictions relied on by the State to establish that movant was a persistent intoxication-related traffic offender could not be used for such purpose, as the records thereof showed that movant was not represented by counsel in those cases, and the records did not show that movant waived his right to counsel in those cases. If G____ knew of those defects, he did not, according to the amended motion, advise movant about them. Furthermore, pleaded the amended motion, the records of those cases did not show that any inquiry was made into movant's "intellectual capacity, education and familiarity with legal procedures."

At the evidentiary hearing in the motion court, movant's appointed counsel presented the court record of the 1982 case. The record stated that movant, on June 2, 1982, appeared in court in person and entered a plea of guilty to driving while intoxicated, which plea the court determined to be freely, knowingly and voluntarily entered. Nothing in the record indicated that movant, at the time he entered the plea, was represented by counsel, and nothing in the record indicated that movant knowingly and voluntarily waived representation by counsel. The punishment in the 1982 case was a $200 fine.

The prosecutor, at the evidentiary hearing in the motion court, presented the court record of the 1983 case. That record stated that movant, on October 4, 1983, appeared in court in person and with counsel, Lloyd Briggs, and entered a plea of guilty to driving while intoxicated. The punishment in the 1983 case was a six-month jail sentence.

The prosecutor also presented, at the evidentiary hearing in the motion court, the court record of the 1979 case. That record stated that movant, on October 24, 1979, appeared in court in person and with counsel, G____, and entered a plea of guilty to operating a motor vehicle with "Blood Alcohol Content in excess of .10%."[2] The punishment in the 1979 case was a $250 fine.

Movant, testifying at the evidentiary hearing in the motion court, said that at the time he pled guilty in the 1984 case, he was unaware that in order for a conviction of an intoxication-related traffic offense to be used for enhancement purposes, the record thereof had to show that the accused was represented by counsel or that he waived

---

**2.** Section 577.012.1, RSMo 1978, which was in effect at the time of the offense to which movant pled guilty in the 1979 case, provided that no person shall drive a motor vehicle "when the person has ten-hundredths of one percent or more by weight of alcohol in his blood." That offense was subsequently assigned the name "driving with excessive blood alcohol content" by S.B. 513, Laws 1982, p. 686, § 577.012.1. It is one of the offenses listed in § 577.023.1(1), RSMo Cum.Supp.1984, quoted in footnote 1, *supra.*

counsel. On cross-examination, movant admitted he was represented by counsel in the 1979 case and the 1983 case.

The motion court's findings of fact and conclusions of law included the following: "The record is silent as to whether [movant] was represented by counsel in [the 1982 case], if that is, in fact, relevant, but the Court finds that requirements of the statute would be satisfied if only the [1983 and 1979] cases in which [movant] was represented by counsel had been used by the state as grounds to charge the [movant] as a persistent offender, therefore, [movant] was represented by counsel on at least two of the occasions charged, thus rendering the question moot whether a guilty plea case without counsel can be counted against a defendant to find him a persistent offender at law."

Movant's primary contention on appeal, as we comprehend the prolix argument in his brief, is that had he stood trial in the 1984 case, neither the 1983 case nor the 1982 case could have been used to establish that he was a persistent intoxication-related traffic offender. Movant's theory regarding the 1983 case, which we shall consider first, is that because the record thereof failed to show that the judge who accepted movant's plea of guilty went through each of the steps required by Rule 24.02(b)–(d), Missouri Rules of Criminal Procedure (14th ed. 1983),[3] said conviction "could not have been used to enhance [movant's] punishment."

In an effort to support that premise, movant cites *State v. Pfeifer*, 544 S.W.2d 317 (Mo.App.1976). There, the State attempted to use a 1970 misdemeanor conviction of driving while intoxicated as a basis for enhancing punishment for a 1974 charge of driving while intoxicated. The court record of the 1970 conviction showed that the accused's attorney appeared and entered a plea of guilty on the accused's behalf. At that time, Rule 29.02 provided that no person shall be allowed to enter a

plea of guilty of a misdemeanor unless he is personally present or the court and prosecuting attorney consent to such plea in the accused's absence. *Pfeifer* held that an accused's attorney, in the absence of the accused, could enter a plea of guilty to a misdemeanor only in response to a request by the accused. *Id.* at 320–21. As the record of the 1970 conviction did not show that the accused requested that the plea be entered in his absence, *Pfeifer* held that such conviction could not be used for enhancement of the 1974 charge. *Id.*

Movant argues that because the violation of Rule 29.02 prevented the State from using the 1970 conviction for enhancement in *Pfeifer*, the State could not have used movant's 1983 case for enhancement in the 1984 case, as the court record of the 1983 case failed to show "conformity" with Rule 24.02(b)–(d). Movant, if we understand him correctly, maintains that the State, in order to have used the 1983 case for enhancement in the 1984 case, would have had to prove, by court record, that the court that accepted his plea of guilty in the 1983 case complied with each of the requirements of Rule 24.02.

Movant's argument, were we to accept it, would, for all practical purposes, bar the use of any plea of guilty to an intoxication-related traffic misdemeanor for the purpose of establishing, in a subsequent prosecution, that an accused is a persistent intoxication-related traffic offender. The only way a court record can conclusively demonstrate that a court complied with the multifarious requirements of Rule 24.02 in accepting a plea of guilty is by a transcript of the guilty plea proceeding. Rule 24.03, Missouri Rules of Criminal Procedure (18th ed. 1987), requires the court reporter to prepare and file such a transcript when an accused enters a plea of guilty to a *felony* and the court imposes a sentence requiring delivery of the accused to the department of corrections, but no such requirement exists in any other circumstances. The position championed by movant would require

---

**3.** Rule 24.02, Missouri Rules of Criminal Procedure (14th ed. 1983), sets forth an elaborate ritual that trial courts are required to follow before accepting pleas of guilty. An exception—irrelevant to the issues before us—appears in Rule 31.03(a).

the State to prove, by court record, that certain dialogue occurred between the accused and the court in a guilty plea proceeding in a misdemeanor case, as to which no verbatim record would exist.

Movant cites no Missouri case, and our independent research finds none, imposing such a requirement on the use of a plea of guilty to an intoxication-related traffic misdemeanor for the purpose of establishing that an accused is a persistent intoxication-related traffic offender. The farthest any Missouri case has gone is to hold that a conviction in a proceeding in which an accused did not have counsel or waive counsel cannot be used to enhance punishment upon a subsequent conviction when imprisonment is to be imposed, and that representation by counsel or waiver of counsel cannot be presumed from a silent court record. *State v. Wilson*, 684 S.W.2d 544, 547[3, 4] (Mo.App.1984). *Wilson* also held, however, that if a court record of a misdemeanor conviction of driving while intoxicated is valid on its face and shows that the accused was advised of his right to counsel, its failure to recite that the accused voluntarily waived counsel, either expressly or in writing, does not render such record void or inadmissible for enhancement purposes. *Id.* at 547–49.

In reaching that result, *Wilson* relied on *State v. Quinn*, 594 S.W.2d 599, 602[2–5] (Mo. banc 1980), which involved a criminal prosecution under the Second Offender Act, § 556.280, RSMo 1969 (now repealed). In *Quinn*, the accused contended that a court record showing he had entered a plea of guilty to a felony was inadmissible as evidence that he was a second offender, in that it failed to show he had waived his right to trial by jury and failed to show that the court accepting the plea of guilty had found that the plea had a factual basis. The Supreme Court rejected the contention, and in doing so stated that a person being prosecuted as a second offender may not raise questions of mere error in the former conviction to prevent the use thereof in establishing he is a second offender. *Id.*

A similar result was reached by this Court in *State v. Middlemas*, 654 S.W.2d

355, 357[1–4] (Mo.App.1983). There, the accused maintained that a court record of a plea of guilty to a misdemeanor charge of driving while intoxicated was inadmissible for enhancement purposes in that it failed to show that the plea was made voluntarily, knowingly and intelligently. The contention was denied, the opinion holding that a certified copy of the record of a prior conviction is presumed to be regular, and that if it is in proper form and substance, it serves as a sufficient basis to support the establishment of the prior conviction. *Id.* The opinion added that by failing to take timely advantage of the remedies provided to set aside the judgment for invalidities not apparent on the face of it, the accused had waived any such defects as a ground for objection to the admission of a certified copy of such judgment as evidence of the prior conviction. *Id.*

*State v. Wimberly*, 700 S.W.2d 167 (Mo. App.1985), cited by movant, does not aid him. In *Wimberly*, the record of an earlier case in which the accused had pleaded guilty to driving with excessive blood alcohol content made *no* reference to representation by, or waiver of, counsel. Such record was held inadmissible to enhance punishment in a prosecution for driving while intoxicated. In movant's case, as emphasized earlier, the court record in the 1983 case showed, on its face, that movant was represented by counsel when he entered the plea of guilty to driving while intoxicated. *Wimberly*, therefore, is inapposite.

■ *Wilson*, *Quinn* and *Middlemas* clearly demonstrate there is no merit in movant's contention that because the court record in the 1983 case did not show that the judge who accepted the plea of guilty went through the ritual of Rule 24.02, such record could not have been used in the 1984 case to establish that movant was a persistent intoxication-related traffic offender.

■ It will be recalled that movant also claimed in the motion court that the 1983 case could not have been used for enhancement in the 1984 case because the court record of the 1983 case failed to show that the court inquired into movant's "intellec-

tual capacity, education and familiarity with legal procedures." Movant cites no authority for that contention, and it is soundly refuted by *Wilson, Quinn* and *Middlemas.*

It follows that the motion court was correct in holding that the 1983 case could have been used by the State in the 1984 case to establish that movant was a persistent intoxication-related traffic offender. The motion court, as we have noted, also held that the State, in the 1984 case, could have used the 1979 case for the same purpose. Movant, in his brief, concedes, at least tacitly, that the motion court was correct on that point.

As only two intoxication-related traffic offense convictions are required to establish that an accused is a persistent intoxication-related traffic offender, it is manifest that the motion court was also correct in holding that the issue of whether the 1982 case could have been used for such purpose in the 1984 case was moot.

Movant's theory that he was ineffectively represented by G___ in the 1984 case is, as we have seen, based on the assumption that two of the three convictions on which the State would have relied to establish that he was a persistent intoxication-related traffic offender could not have been used for that purpose, hence the State could not have prosecuted the 1984 case as a felony. Movant censures G___ for failing to so advise him.

The authorities we have examined conclusively show that movant is wrong in assuming that he could not have been prosecuted as a persistent intoxication-related traffic offender in the 1984 case. His claim of ineffective assistance of counsel thus rests on a faulty hypothesis.

■ After a guilty plea has been entered, effectiveness of counsel is relevant only if it affects the voluntariness of the plea. *Kline v. State,* 704 S.W.2d 721, 722[2] (Mo.App.1986). Where a plea of guilty has been entered, a prisoner seeking post-conviction relief must, after showing errors of counsel, show that there is a reasonable probability that, but for such errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill v. Lockhart,* 474 U.S. 52, ——, 106 S.Ct. 366, 370[3], 88 L.Ed.2d 203, 210[4b] (1985); *Kline,* 704 S.W.2d at 722[3].

It is obvious that G___ could have made no error in concluding that the State, in the 1984 case, could prosecute movant as a persistent intoxication-related traffic offender. According to movant, he believed at the time he pled guilty in the 1984 case that he could be tried as a persistent intoxication-related traffic offender. That belief, as this opinion illustrates, was correct. Movant has consequently failed to show that his plea of guilty in the 1984 case resulted from any error or ineffective assistance by G___.

Movant contends, in the alternative, that the motion court's findings do not adequately address the issue of ineffective assistance of counsel. Movant's complaint, as we read his brief, is that the motion court made no specific finding as to whether movant received effective assistance of counsel.

The argument is without merit. While Rule 27.26(i) requires a circuit court to make findings of fact and conclusions of law on all issues presented, reviewing courts consistently follow the principle that where the circuit court's findings are sufficient to enable the reviewing court to consider the prisoner's contentions, the requirements of Rule 27.26(i) have been satisfied. *Mercer v. State,* 666 S.W.2d 942, 947[10] (Mo.App.1984); *Jones v. State,* 604 S.W.2d 607, 609[3] (Mo.App.1980).

The motion court's finding that the State, in the 1984 case, could have established, by the court records of the 1983 and 1979 cases, that movant was a persistent intoxication-related traffic offender, was sufficient for us to review, and deny, movant's contention that he received ineffective assistance from G___ in the 1984 case.

Judgment affirmed.

GREENE, P.J., and PREWITT, J., concur.