**William M. LOONEY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15297.

Missouri Court of Appeals, Southern District, Division One.

July 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 16, 1988.

Application to Transfer Denied Sept. 13, 1988.

Gregg T. Hyder, Columbia, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

William M. Looney ("movant") appeals from an order denying his motion under Rule 27.26 [1] to vacate his conviction of the class B felony of rape, for which he was sentenced to ten years' imprisonment. The order, containing findings of fact and conclusions of law, was entered after an evidentiary hearing in the circuit court (henceforth referred to as "the motion court").

■ Our review is limited to a determination of whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Futrell v. State*, 667 S.W.2d 404, 405[1] (Mo. banc 1984). In making that determination we do not weigh the evidence. *Shoemake v. State*, 462 S.W.2d 772, 775[1] (Mo. banc 1971). The weight of the evidence and credibility of the witnesses were matters for the motion court's determination. *Id.* at 775[2]. The motion court had the right to reject testimony on behalf of movant, even though there was no contrary evidence. *Id.* at 775[4].

Movant's conviction resulted from a plea of guilty. In the motion court movant maintained, among other things, that he was denied effective assistance of counsel, rendering the plea "involuntary, not intelligently made, and made without a full understanding of the consequences." He also asserted he was on medication at the time of the plea, which made him "unable to intelligently understand and participate in" the guilty plea proceeding.

Rejecting those contentions, the motion court found that movant's plea of guilty was made "voluntarily and intelligently with a full understanding of the charge and the consequences of the plea."

Movant briefs one assignment of error; it alleges the motion court's findings were clearly erroneous in that (a) movant was in a "mind altered" state as a result of the medication when he entered the plea, (b) movant misunderstood several key elements of the proceedings, which misunderstandings were perpetuated by ineffective counsel, and (c) movant's counsel (henceforth referred to as "defense counsel") failed to investigate "viable legal defenses."

■ The only evidence in the motion court supporting component "(a)" of movant's assignment of error was movant's testimony that he had ingested "Tylenol 3" and "Percogesic" in the county jail on the morning he was taken to court where the plea was entered. Movant conceded in the motion court that the judge who accepted the plea (henceforth referred to as "the trial court") questioned him under oath prior to accepting the plea, and that the dialogue included this:

"[Trial Court]: Are you on any kind of medication or any type of drugs you are taking?

[Movant]: No, sir.

[Trial Court]: Do you feel that your mind is clear this morning?

[Movant]: Yes, sir."

The motion court, as we have seen, disbelieved movant's testimony that his mental processes were impaired by medication at the time the plea was entered. That was the motion court's prerogative. *State v. Hurtt*, 509 S.W.2d 14, 16[5] (Mo.1974).

It was movant's burden to establish his grounds for relief by a preponderance of the evidence. *Van Moore v. State*, 667 S.W.2d 470, 471[1] (Mo.App.1984); *Cherry v. State*, 625 S.W.2d 681, 682[2] (Mo.App. 1981); Rule 27.26(f). Inasmuch as the motion court rejected as unworthy of belief the only testimony supporting movant's averment that he was in a "mind altered" state at the time he entered the plea, movant failed to satisfy his burden of proof on

---

**1.** Rule references are to Missouri Rules of Criminal Procedure (18th ed.1987). Rule 27.26 was repealed effective January 1, 1988. Page 142, Missouri Rules of Court (19th ed.1988). The instant proceeding continues to be governed by Rule 27.26, as the sentence was pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 24.035(*l*), Missouri Rules of Criminal Procedure (19th ed.1988).

that allegation. Component "(a)" of movant's assignment of error is without merit.

As to component "(b)" of movant's assignment of error, we learn from the argument portion of his brief that one of the "key elements" of the proceedings he allegedly misunderstood was that only the prosecutor "could drop the criminal charges." Movant maintains defense counsel seriously misled movant into believing that movant's wife or his stepdaughter ("K.G.") could drop the charges. Another misunderstanding, according to movant's brief, was that "his court date would be postponed." That belief, says movant, prompted him to ingest the medication. The third misunderstanding set forth in movant's brief was that defense counsel led movant to believe he would be sentenced to no more than two or three years.

As we understand the evidence presented to the motion court, movant and his wife were parents of a son who was six or seven months of age at the time the plea was entered. The son, according to movant, was in Los Angeles, evidently being kept by members of movant's family at movant's direction, as movant was in the Jasper County jail. Movant testified in the motion court that he had talked by phone with K.G. several weeks before the scheduled trial date, and had been informed that if he made arrangements to have the son brought back, the charges[2] would be dropped. Defense counsel, said movant, subsequently conferred with movant's wife and K.G. about having the infant "flown back from Los Angeles and returned to his mother here in Sarcoxie, Missouri." Movant explained, however, that he was in a quandary as to whether to return the infant before trial, as movant had no way to be sure his wife or K.G. "would carry out the deal if, in fact, the child was brought back prior to the trial." Defense counsel,

according to movant, never advised movant that the decision to drop charges was solely within the discretion of the prosecuting attorney.

Defense counsel testified in the motion court that during the time the case was awaiting trial, the victim[3] was no longer living in the Jasper County area, and may have been in California. Defense counsel insisted on a deposition from the victim "to get some information and see if she actually would testify, but really primarily to see if she'd even come back for the deposition, to determine whether or not [movant's] bargain involving this child would be able to be fulfilled." Defense counsel went to Sarcoxie and conferred with movant's wife and K.G. about the "non-returning of ... the victim if [movant] was willing to return this infant child." Defense counsel recalled: "There wasn't really a whole lot of discussion about the dismissal of charges. The best of my recollection was they merely just wouldn't bring the victim back." Defense counsel assumed the case "was always for trial unless ... the alleged victim, did not return from whatever state she was in."

The victim did in fact appear for a deposition, which was taken three days before the scheduled trial date. On the trial date a jury was present, as were the victim and movant's wife.

Defense counsel testified that the afternoon before the trial date he informed movant the case was going to trial. Defense counsel related: "[Movant] said he would cause some type of disruption that would keep the case from actually going to trial, he said even to the extent of, of doing bodily harm to myself. He, he told me, he said, 'It's nothing personal, but,' he said, 'this case isn't going to go to trial even if I

2. The state's brief avers that besides the rape charge "[t]here were criminal charges pending against [movant] as a result of [his] removal of the child from his wife's custody without permission or court order." In support of that averment, the state refers us to the transcript of movant's plea of guilty. That document, however, was not included in the record on appeal, nor was it filed as an exhibit.

3. There is scant evidence about the victim in the record on appeal. She was evidently a daughter of movant's wife, sired by someone other than movant, and, according to the state's brief, was under the age of fourteen years at the time of the alleged rape.

have to strike you or do something to that effect.' "

As the motion court rejected movant's testimony as incredible, we must look to defense counsel's testimony to determine whether movant satisfied his burden of proof as to any ground mentioned in component "(b)" of his assignment of error.

■ It appears from defense counsel's testimony that movant was hopeful the victim would not return to Jasper County to testify for the prosecution, and that movant was attempting to ensure that result by using his infant son as a bargaining chip. The scheme proved futile when the victim and movant's wife appeared in court on the trial date. The trial court denied movant's day-of-trial request for a continuance, thereby leaving movant the choice of facing the prosecution's evidence at trial or entering a plea of guilty. Movant does not contend that a guilty plea entered under such circumstances is involuntary, nor do we consider it to be.

Furthermore, it is immaterial, in the circumstances of movant's case, whether he in fact believed his wife or K.G. could drop the charges. Movant's case was not one where a victim wanted the prosecution abandoned but the prosecutor nonetheless pursued the case. It is manifest from the record that neither movant's wife, the victim, nor K.G. wanted the charges against movant dismissed. Consequently, even if movant had believed his wife or K.G. could have had the charges dropped, such assumption was of no moment inasmuch as no such request was ever made by them. Movant's contention that his plea should be set aside because he erroneously believed his wife or K.G. could drop the charges is meritless, if not frivolous.

■ Movant's contention that he believed his court date would be postponed is likewise destitute of merit. Not only did the motion court disbelieve movant's testimony on that subject, but defense counsel, as we have seen, testified he told movant the afternoon before the trial date that no postponement could be obtained, whereupon movant threatened to create an incident that would force the trial court to grant a continuance.

■ Movant's assertion that defense counsel led movant to believe he would be sentenced to no more than two or three years is similarly barren of merit. Defense counsel testified in the motion court he was fairly certain he advised movant that the rape charge carried a minimum punishment of five years' imprisonment and a maximum of fifteen years. That was the correct range. § 558.011.1(2), RSMo Supp. 1982.

As movant's testimony was the only evidence supporting the grounds mentioned in component "(b)" of his assignment of error, it follows from the motion court's disbelief of such testimony that movant failed to carry his burden of proof on such grounds. Component "(b)" of movant's assignment of error is denied.

As to component "(c)" of movant's assignment of error, his brief says defense counsel was derelict in failing to locate and interview an unnamed individual who allegedly repaired a sewing machine that had been in movant's residence. The significance of such witness, says movant, was that the victim had indicated movant placed the machine in front of a door behind which the alleged crime occurred, and the repairman could have testified the machine was in the repair shop at such time.

Defense counsel, testifying in the motion court, recalled movant saying that the machine had been at a repair shop when the crime allegedly occurred; however, movant was unable to supply the name of the repairman or even the name of the city to which the machine had been taken. Defense counsel added, "Whether the sewing machine was there or not I suppose had some bearing, but it certainly wasn't much of a defense."

No testimony as to the identity of the repairman was presented in the motion court, and there was no showing in the motion court—other than movant's testimony, which the motion court found incredible —that the sewing machine was in fact in a repair shop at the time of the alleged crime. More importantly, however, it must

be remembered that the instant proceeding is not one in which an accused stood trial and thereafter sought post-conviction relief on the ground that his attorney neglected to call a crucial witness. The instant proceeding is one in which movant seeks to set aside his guilty plea. Nowhere in his testimony in the motion court did movant state his decision to plead guilty resulted from defense counsel's failure to track down the unidentified repairman. Indeed, movant testified in the motion court that at the outset of the proceeding at which the plea was entered he was informing the trial court of the negotiations with his wife and K.G. about the infant son. Movant testified: "[A]s I was speaking to [the trial court] the district attorney made the ... statement that I was hiding behind my son or I was using my son as a scapegoat, and it was at that point that I became furious and just pled guilty." Movant conceded in the motion court that the following colloquy occurred in connection with the plea:

"[Trial Court]: Three or four times you had, have had conferences with [defense counsel]. Do you feel like this has been enough time to tell him all about our case?

[Movant]: Yes.

[Trial Court]: And do you feel like he, uh, he's followed up on what you told him?

[Movant]: Basically.

[Trial Court]: You asked for the right to hire a lawyer. You asked me to delay the trial again today to give you time to hire him, but is there anything specifically that you want to say to me that you think [defense counsel] has failed to do or has done wrong?

[Movant]: No."

■ Where a plea of guilty has been entered, the adequacy of representation is immaterial unless counsel was so incompetent that the plea was not entered voluntarily and with understanding of the nature of the charge. *Rice v. State,* 585 S.W.2d 488, 493[1] (Mo. banc 1979).

■ The motion court found that movant was not denied effective assistance of counsel. On the record before us, that finding is not clearly erroneous. However, even if defense counsel had been remiss in failing to locate the repairman, such neglect would have afforded movant no basis for setting aside his plea.

Movant's motion to vacate contained no allegation that he would have refused to plead guilty had defense counsel found the repairman. Failure to make such an allegation renders a 27.26 motion vulnerable to denial without an evidentiary hearing, as the motion fails to state facts entitling a prisoner to relief. *Rice,* 585 S.W.2d at 493[3]. As movant neither alleged nor presented evidence that defense counsel's failure to discover the identity of, and interview, the repairman caused movant to plead guilty when he would otherwise have refused to do so, movant established no right to relief.

■ Movant's other complaint about defense counsel in component "(c)" of movant's assignment of error is that counsel ignored movant's request "to have a medical examination performed on the victim." The record does not substantiate the complaint. Movant testified in the motion court that he assumed there would have had to be "a doctor's report in reference to the ... girl," but there never was one. Movant recounted that he asked defense counsel about the matter, and counsel responded that no such report was necessary, as the prosecutor could make a case with the victim's testimony alone. Nowhere in movant's testimony did he say he asked defense counsel to request a medical examination of the victim.

Defense counsel, testifying in the motion court, was asked whether he requested that the victim undergo a medical examination "to determine if ... the alleged act had not occurred." Defense counsel responded that movant had related that the victim "had been having intercourse with a friend of hers, a boyfriend or something." Consequently, defense counsel concluded that a medical examination would not have aided the defense.

A medical examination would have been beneficial to movant only if the examina-

tion had revealed that the victim had never engaged in sexual intercourse. In view of defense counsel's testimony regarding movant's disclosure that the victim had been having intercourse with a boyfriend, it is obvious why defense counsel declined to request an examination. Furthermore, movant neither alleged nor presented evidence in the motion court that his plea was compelled by the absence of a medical examination. Component "(c)" of movant's assignment of error is denied and the order of the motion court denying movant's motion to vacate is affirmed.

HOLSTEIN, C.J., and GREENE, J., concur.