David HIGHT, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 16053.

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 20, 1989.

Carr L. Woods, Garrett & Woods, Monett, for movant-appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The movant, David Hight, was charged with the first degree murder of John Hill. Pursuant to a plea bargain, movant entered a plea of guilty to a reduced charge of second degree murder. In accordance with that plea bargain, he was sentenced to im-

prisonment for life. By his motion under Rule 27.26 [1], he seeks to set aside that plea of guilty and sentence. Following an evidentiary hearing, the motion was denied. Movant states one point on appeal.

The record contains very little direct evidence concerning facts of the homicide. Additional facts may be gleaned by inference from portions of the record. A brief sketch of the circumstances of the homicide will aid in consideration of this appeal.

Allegedly the decedent, John Hill, had sexually assaulted one Jennifer Fair. Jennifer and several friends decided to avenge this assault. The group included Lisa Harris, John Stephens, Bill Harris and movant. On the evening of the homicide, the group went to the home of John Hill. The two girls went into the house. Then, as stated by movant's trial counsel, the following occurred.

"David and others waited outside for a signal from the two girls, who went inside first. A signal was given, and David goes in ... and sees Mr. Hill and one of the girls involved in an altercation. He immediately jumps to her aid, and wrestles with him, and they fall to the ground. During this time, Mr. Hill is struck, ...."

The movant had personally stated to the court the following.

"A I held him, and while I was holding him, a couple of my friends hit him a couple of times, when I was holding him, while him and me was wrestling. You know, we was wrestling around, and a couple of my friends hit him."

To that account, the prosecuting attorney added the following.

"MR. PERIGO: Yes. The pathologist, Dr. Easter, under oath, has testified that there were five blows to the head, each of which in and of itself could have caused the death. And each of them would have caused the death. And the blows were done by an instrument consistent with a hammer. There would be testimony from an eyewitness that the struggle took place in not just one room, but two rooms, and that the victim did get out from Mr. Hight's grasp on one occasion, and then Mr. Hight restrained him a second time. And that when the victim was either knocked unconscious or died, at that point Mr. Hight left."

The movant's sole point on appeal is that he was denied effective assistance of counsel because his trial counsel

"failed to consult with appellant, who was seventeen (17) years old throughout the case, for a sufficient amount of time to adequately represent the appellant's interests as Robards met with appellant three times exclusive of court appearances for a total of one and one-half to two hours; that Robards did not discuss the appellant's plea bargain with appellant's mother until shortly prior to the plea; that Robards did not furnish appellant with copies of police reports, police investigation material, appellant's statements, statements of co-defendants or appellant's psychiatric examination; and that appellant's counsel, David Robards, failed to interview the co-defendants, John Brian Stephens, Bill Lee Harris, Lisa Harris, and Jennifer Fair to determine the degree of appellant's involvement in the crime even though requested to do so by appellant."

The standard by which that assertion of ineffective assistance of counsel is to be measured has been succinctly summarized.

"In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Strickland*, [*v. Washington*] 466 U.S. [668] at 687, 104 S.Ct. [2052] at 2064 [80 L.Ed.2d 674] [1984]; *Seales*, [*v. State*] 580 S.W.2d [733] at 736 [Mo.1979]. A criminal defendant must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel

1. Movant's sentence was pronounced before and his motion under Rule 27.26 was pending on January 1, 1988. Post-conviction relief is governed by the provisions of former Rule 27.26.

claim. In reviewing such a claim, courts are not required to consider both prongs; if a defendant fails to satisfy one prong, the court need not consider the other. And, a court need not determine the performance component before examining for prejudice. If it is easier to dispose of the claim on the ground of lack of sufficient prejudice, the reviewing court is free to do so."

*Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

In response to the movant's point, the state cites contrary evidence such as the following. Counsel met with movant eight to ten times. It was the opinion of that able and experienced defense counsel this was sufficient. At the plea hearing, movant said he was satisfied with the services of counsel and that he had been considering pleading guilty "about a month". Movant was informed of the evidence against him. He attended his preliminary hearing. Counsel reviewed the psychiatric report with movant. Movant did not ask counsel to interview the codefendants. Each codefendant in a statement implicated the movant. Counsel reviewed those statements with movant. Murder charges against the three codefendants were pending when movant entered his plea. One had previously pled guilty to second degree murder. Lisa Harris was later convicted of first degree murder. John Stephens and Bill Harris later pled guilty to murder in the second degree.

It is not necessary to further consider the evidence concerning the alleged deficiencies. The second prong or requirement of *Strickland* readily establishes movant's motion and point have no merit.

"Where a plea of guilty has been entered, a prisoner seeking post-conviction relief must, after showing errors of counsel, show that there is a reasonable probability that, but for such errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, [59], 106 S.Ct. 366, 370[3], 88 L.Ed.2d 203, 210[4b]

(1985); *Kline,* [*v. State*] 704 S.W.2d [721] at 722[3] [ (Mo.App.1986) ]."

*Dover v. State,* 725 S.W.2d 915, 920 (Mo. App.1987). Also see *Looney v. State,* 755 S.W.2d 692 (Mo.App.1988); *Perkins v. State,* 750 S.W.2d 594 (Mo.App.1988).

The thorough findings and conclusions made by the motion court include the following. "8. Movant has failed to prove by a preponderance of the evidence that there was a reasonable probability that, but for the alleged conduct of his attorney, he would not have pleaded guilty." That finding is supported by the record. There is no evidence the movant was prejudiced by the action or inaction of counsel. The judgment is affirmed.

PREWITT, P.J., and HOGAN, J., concurs.